PER CURIAM.
This is an appeal by the defendant Robert Arsis from final judgments of conviction and sentences totaling thirty-five (35) years imprisonment for robbery, aggravated battery, and false imprisonment. We reverse these convictions and sentences and remand the cause to the trial court for a new trial upon a holding that the trial court committed reversible error in denying the defendant’s motion for a mistrial when the state introduced evidence — contrary to the trial court’s order granting the defendant’s pretrial motion in limine — that prior to the charged offenses, the defendant told his accomplices that “he robbed taxicabs for a living.” Jackson v. State, 451 So.2d 458 (Fla.1984), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 153 (1988). Moreover, this error was compounded when the prosecuting attorney made use of this erroneously admitted evidence in closing argument by improperly arguing to the jury, over objection, that if the defendant was “not made responsible for [his] actions[,] [w]hat is to stop him from any future action”; indeed, this comment in itself called for a mistrial inasmuch as it is well settled that a prosecuting attorney is precluded from arguing to a jury, as here, that the defendant will commit crimes in the future if not convicted in the case on trial. Sherman v. State, 255 So.2d 263 (Fla.1971); Gomez v. State, 415 So.2d 822 *936 (Fla. 3d DCA 1982); Sims v. State, 371 So.2d 211 (Fla. 3d DCA 1979).
Contrary to the state’s argument, we are unable to say that the admission of the above evidence and the prosecuting attorney’s comment thereon was harmless beyond a reasonable doubt — especially given (a) the discrepancies in the victim’s identification of the defendant, (b) the discrepancies and otherwise dubious credibility of the accomplice testimony, and (c) the devastating nature of the above inadmissible evidence and prosecutorial comment. Keen v. State, 504 So.2d 396, 401-02 (Fla.1987); State v. DiGuilio, 491 So.2d 1129, 1138-39 (Fla.1986); Vazquez v. State, 405 So.2d 177, 179 (Fla. 3d DCA 1981), approved in part, quashed in part on other grounds, 419 So.2d 1088 (Fla.1982). Given our decision to reverse and remand for a new trial, it is unnecessary to address the defendant’s sentencing point. The final judgments of conviction and sentences under review are reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.