GRIFFIN, Judge.
This is the appeal of a conviction of one count of burglary and two counts of grand theft.[1] We affirm.
A police patrol, approaching a house under construction, found a van with the motor running and the ignition punched out. Also in the van were a refrigerator and stove from the house under construction. The van had been stolen earlier that evening. The officer saw a man leap out of a window of the house and flee. A BOLO was issued for a man of slim, muscular build, about five feet, ten or eleven inches tall, weighing 100-140 pounds with short hair, wearing blue work pants, a white T-shirt, brown shoes and no socks, with possible cuts on his right arm, headed in a westerly direction. Appellant was found and arrested two miles away from the scene, walking west, wearing a white T-shirt, blue pants and dark shoes, with a small bleeding cut on his right arm. At trial, the officer testified that the defendant was the man he saw fleeing from the house.
When the officer testified at trial, he was asked whether the defendant gave the officer his name and the officer replied: “He wouldn’t speak to me from the moment I first pulled up.” Defense counsel promptly moved for a mistrial on the ground that the officer’s statement was an impermissible comment on the defendant’s right to remain silent.[2] There may be an error in the transcript because it appears the trial court ruled that this was not a comment on the defendant’s right to remain silent but then proceeded to consider whether under the supreme court’s decision in State v. DiGuilio, 491 So.2d 1129 (Fla.1986), such an error could be harmless. The court then said the following:
Let me tell you my little way I have devised of handling this kind of situation. I have two choices. One is, I could deny the motion for mistrial and proceed and do nothing else, and I think that’s reversible error. I can grand [sic] the motion for mistrial, in which case we will have to get another panel and do this again.
Or what I am inclined to do is proceed with the trial and then send the jury out, and if they come back guilty, then I can give them a second verdict, so to speak, or a special verdict asking whether or not the comment on the defendant’s right or the comment the deputy made that the defendant — he wouldn’t tell me anything at all, whether or not that would have affected their verdict or their verdict would have been the same otherwise. I think — and ask them if that would be true beyond a reasonable doubt.
That’s the only way I know to continue this trial and not grant a mistrial and at the same time preserve the defendant’s right as to that. If they came back with — first of all that gives the defendant a free shot. If they have come back not guilty, it’s over. If they come back guilty, then we still have the question about whether or not they were affected by the comment made by the officer, the witness in this case. If the answer is no, then I think that the Dewillio[3] [sic] burden has been met by the state. If the *1162 answer is yes, then I would grant a mistrial and we will do it again.
The trial court gave the state the option to accept a mistrial or the special verdict while observing:
So recognizing that the defense would prefer me to grant a mistrial now and start again, what I will do is continue with the trial. If the verdict is guilty, I will give them a special verdict form and send them back in and see how it goes.
The defendant was found guilty, the special verdict was submitted to the jury and the jury marked the entry on the special verdict form as follows:
We can assure the court beyond a reasonable doubt that our verdict would have been the same if we had not heard the above described testimony.
Accordingly, the court did not grant a mistrial.
We do not fault the trial judge for taking this creative approach to the problem presented, particularly in light of the language of DiGuilio:
The test [of harmless error] is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. (Emphasis added.)
491 So.2d at 1139.
Although there may be no better way to gauge the effect of the error on the jury than to ask them, we nevertheless cannot envision a process by which harmless error is decided by the jury at the close of the case. Rather, when faced with a motion for mistrial, it is the function of the court to determine whether in the court’s view, the improper testimony or evidence has impaired the defendant’s right to a fair trial to the extent that an instruction to the jury to disregard the evidence will not cure the damage.
Although we disapprove the use of a “special verdict” to have the jury advise the trial court on whether the evidentiary error was “harmful” or “harmless”, we nevertheless affirm because the error, if any,[4] was harmless. Apart from the force of the direct evidence, the record reflects that later in the trial when a second officer testified, he also mentioned that the defendant refused to give his name. Initially, defense counsel objected, and moved for a mistrial on the same basis as he had with the first officer’s testimony. Thereafter, however, he withdrew the motion for mistrial, stating as follows:
I have talked it over with Robert, and Robert believes that it’s in his best interest for me to request leave to withdraw my second motion for a mistrial. I advised him I thought that it would be granted, you know, and we would have to start all over again. He believes it’s in his best interest to proceed with the trial and, therefore, he has asked me to withdraw the second motion for a mistrial, but not the first.
We cannot find harmful error in failing to grant the mistrial based on the defendant’s right to remain silent when the defendant expressly waived objection to subsequent admission of identical testimony.
AFFIRMED.
W. SHARP, J., and COWART, J.A., Jr., Senior Judge, concur.

.This case began as an Anders appeal. The court raised the issues addressed in this opinion.

. The record reflects appellant declined any curative instruction.

. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).

. This court has said that compelling disclosure of one's identity can constitute a violation of a defendant’s privilege against self-incrimination, St. George v. State, 564 So.2d 152 (Fla. 5th DCA 1990); thus, perhaps, the defendant’s refusal to give his name would be a comment on his right to remain silent. United States v. Valencia, 773 F.2d 1037, 1040 (9th Cir.1985). Nevertheless, in the present case, the record is far from clear that this defendant qualifies. For one thing, the record suggests that he did give a name to one of the officers who apprehended him. See State v. Rowell, Mis So.2d 149 (Fla.1985); St. George, 564 So.2d at 155.