ON MOTION FOR REHEARING

STONE, Judge.
We grant Appellant’s motion for rehearing, and, having considered supplemental briefing,[1] withdraw our opinion of March 31,1993, and substitute the following opinion.
Appellant’s armed robbery conviction and sentence are reversed. It was error to deny a motion for mistrial where the state’s witness, on direct examination, testified, as follows, to prior irrelevant criminal acts by Appellant:
Q. Do you know Mr. Cuthbertson’s girlfriend?
A. Yes, I know her.
Q. Okay. How do you know her?
A. I know her by she have dropped him [appellant] off there and she bring the guns with him in the past when he’s robbing—
Obviously this testimony implicates Appellant in prior armed robberies. Such evidence is considered prejudicial unless otherwise deemed harmless. E.g. State v. Ramos, 579 So.2d 360 (Fla. 4th DCA 1991); Broderick v. State, 564 So.2d 622 (Fla. 4th DCA 1990); Arsis v. State, 581 So.2d 935 (Fla. 3d DCA 1991).
The error and resulting prejudice were not cured by the court’s poll of the jury, questioning each juror in an effort to determine whether the juror had in fact heard the objectionable portion of the testimony. Cf. Hill v. State, 616 So.2d 1160 (Fla. 5th DCA), rev. denied, 624 So.2d 266 (Fla.1993). See also, Ward v. State, 559 So.2d 450 (Fla. 1st DCA 1990). Although the testimony was on the record, only one juror acknowledged hearing the reference to prior robberies.
Defense counsel objected to the procedure, noting that once the “poison has ... flowed over in the jury box” there was no way to “put it back in the bottle.” We also note that the court, in an effort not to refer to the specifics of the testimony, simply asked all the jurors what they could recall concerning the last question and answer. *780 The jurors’ responses, with one exception, made no reference to prior robberies. Nevertheless, the fact that a juror may not be able to instantly recall and express that particular detail hardly inspires confidence that the tainted testimony was not heard and that at least some jurors might not subsequently recall it. We also note that the trial court offered to substitute the alternate for the one juror who acknowledged hearing the full testimony. However, as counsel indicated, by asking the Defendant if he would agree to the substitution, the court was asking for consent to remove the only juror known to be attentive.
Having examined the record, we cannot conclude that this error was harmless. Therefore, the judgment is reversed and the cause is remanded for a new trial.
FARMER, J., concurs.
WALDEN, JAMES H., Senior Judge, dissents without opinion.

. The initial briefs did not specifically address the issue of error in denying Appellant's motion for mistrial.