692 So.2d 1014 (1997)
Floyd WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
CASE NO. 95-0132.
District Court of Appeal of Florida, Fourth District.
May 7, 1997.
*1015 Gene Reibman, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
Defendant was convicted of armed burglary and robbery with a firearm on largely circumstantial evidence and the theory of principals. His two co-defendants were convicted of these and other crimes. On appeal he argues that it was error to admit evidence that he was recently released from jail and in failing to grant a mistrial for closing argument by the prosecutor that defendant had "gotten himself in trouble in Miami" when there was no evidence to that effect. We agree and reverse.
Any implication of collateral crimes, not relevant to any material issue, should not be admitted. Czubak v. State, 570 So.2d 925 (Fla.1990), (reference by witness to defendant as "escaped convict" held to be inadmissible collateral crime evidence). When a defendant moves for a mistrial based on the improper admission of collateral crime evidence, the motion is addressed to the sound discretion of the trial court. Salvatore v. State, 366 So.2d 745 (Fla.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979). When this kind of irrelevant evidence is admitted, however, there is a presumption that the error was harmful, because of
"the danger that the jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged."
Straight v. State, 397 So.2d 903, 908 (Fla. 1981), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). A reviewing court may affirm the conviction only if the state proves beyond a reasonable doubt that the verdict could not have been affected, and a showing that the evidence against a defendant was "overwhelming" is insufficient. Castro v. State, 547 So.2d 111 (Fla.1989).
We do not think the state has overcome the presumption of harmful error in this case. Defendant was convicted upon circumstantial evidence of guilt, and under the law of principals. The evidence adduced, while certainly enough to permit a conviction, was not so one-sided as to withstand the prejudicial effect of the testimony about just being out of jail. The jury was necessarily required to draw inferences from the evidence presented, and defendant's previous incarceration could reasonably have swayed the jury to draw the most negative possible inferences. We are unable to say beyond a reasonable doubt that this error did not affect the verdict, and accordingly reverse and remand for a new trial. Czubak, 570 So.2d 925.
During the state's closing argument, the prosecutor made the following assertion:
"Now, we don't know what kind of trouble Floyd had gotten himself into when he went to Miami, but Floyd had gotten himself in some kind of trouble in Miami. These two young guys that come up"
At that point, defense counsel objected and moved for a mistrial. In opposing the motion, the prosecutor said:
"Judge, I don't see any error at all. He was in Miami. Some reason he left Miami to come up here to pull this robbery. I am saying we don't know."
The trial judge sustained the objection and admonished the jury to disregard the prosecutor's comments, but he refused to grant a mistrial. This too was error.
While we might not have reversed solely on the basis of this comment, when considered *1016 against the background of the testimony about just being released from jail, we find the argument intolerably prejudicial. Once again it is necessary to admonish a prosecutor that the price of such zeal is a reversal, with its attendant costs and burdens to the people of Florida. This experienced prosecutor undoubtedly knows that it is quite improper to argue in a criminal case without any evidence at all that a defendant left another place to come here because he "got into trouble" in that place. Where, as is true in this case, the evidence is fairly close and circumstantial, this kind of argument can only serve to tip the scales unfairly.
REVERSED FOR NEW TRIAL.
GUNTHER, C.J., and POLEN, J., concur.