702 So.2d 279 (1997)
Colsson D. FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0359.
District Court of Appeal of Florida, Fourth District.
December 10, 1997.
*280 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Colsson Ford (defendant), appeals his conviction for sexual battery. Because we conclude that the trial court erred in failing to grant a mistrial based on the prosecutor's highly impermissible closing arguments, we reverse.
With little corroborating testimony, the case turned primarily on the credibility of the complaining witness versus that of defendant. Defendant's version and the complaining witness' version of what transpired were completely at odds with one another. The complainant testified that defendant forced himself upon her, and threatened to use nondeadly force if she did not accede to his sexual advances. Defendant testified that their sexual encounter was completely consensual. He testified that they had a conversation about the movie "Nine and a Half Weeks," which they had both seen and both agreed to partially reenact.
During closing argument, the prosecutor made a number of highly improper remarks, each of which was outside the evidence or any fair inference from the evidence. Defense counsel timely objected to each remark and made a motion for mistrial. Defendant argues on appeal that these closing argument remarks individually and collectively deprived him of a fair trial, and thus the trial court should have granted him a new trial. We agree.
It is well settled that a prosecutor must confine closing argument to evidence in the record, and must refrain from comments that could not be reasonably inferred from the evidence. See Huff v. State, 437 So.2d 1087, 1090 (Fla.1983); Thompson v. State, 318 So.2d 549, 551 (Fla. 4th DCA 1975). In this case, each of the improper closing argument comments violated this principle.
In the first of the objectionable remarks, the prosecutor improperly argued to the jury that four or five other women had accused defendant of rape:
Really, this man is 26 years old, 26 years old, now 25 last year okay. I mean what is the law of average here, how many times would a man get himself in a situation where four or five girls are going to call rape.

No reasonable construction of the evidence supports this statement. The improper and unsubstantiated suggestion that defendant had been accused of rape four or five other times was highly prejudicial and inflammatory. Although the trial court sustained a timely objection to these remarks, the trial court did not grant a mistrial.
Unsubstantiated statements that concern references to other crimes committed by a defendant are "particularly condemned." Ryan v. State, 457 So.2d 1084, 1090 (Fla. 4th DCA 1984). The prosecutor's comments in this case suggested that defendant had been accused of raping several other women and thus must have a propensity to commit rape. The jury could have surmised that the prosecutor knew of prior complaints against defendant that had not been otherwise revealed to them.
The implication of a defendant in other crimes is considered presumptively prejudicial. See Williams v. State, 692 So.2d 1014, 1015 (Fla. 4th DCA 1997); Cuthbertson v. State, 623 So.2d 778, 779 (Fla. 4th DCA 1993). The presumption of prejudice arises because of "the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged." Straight v. State, 397 So.2d 903, 908 (Fla.1981).
The next objectionable comment occurred shortly after the improper reference to the prior rape accusations. The prosecutor referred to defendant's statement to a friend that he had "a little fun" with the complainant as "rapist talk." Defendant objected to this remark as being outside the evidence but the trial court overruled this objection. The characterization of defendant's *281 statement as "rapist talk," without any basis in the evidence, constituted improper argument. See Carter v. State, 332 So.2d 120, 125-26 (Fla. 2d DCA 1976); see also Knight v. State, 672 So.2d 590, 591 (Fla. 4th DCA 1996). If the reference to "rapist talk" constituted the prosecutor's opinion, it was an improper statement of opinion without basis in fact or in the evidence. See Washington v. State, 687 So.2d 279, 280 (Fla. 2d DCA 1997).
Finally, during closing argument, the prosecutor referred to the movie "Nine and a Half Weeks," which defendant had testified was the model for the consensual sexual activities between him and the complainant. The prosecutor argued:
Well, he told you about the little acts that were done and that it was part of the movie. But, what did he leave out, he left out the humiliating words and demands that were given in this movie to the woman. What did he leave out, he left out the ending of the movie. A movie admittedly he liked, very much liked it so much that he fantasized about it and when he had girlfriends over or a woman over, she didn't have to be a girlfriend, he lives this fantasy, he left the ending out because the ending shows
At this point, defense counsel objected that the movie was not in evidence and the trial court sustained the objection. Nevertheless, this did not stop the prosecutor from continuing with this improper argument immediately thereafter:
Doesn't tell you the movie's ending, okay. Ask yourself, why, why wouldn't he tell us the way the movie ends.
The prosecutor's blatant attempt to insinuate to the jury that the movie has a sinister ending that defendant had intentionally omitted from his testimony, far exceeds the bounds of permissible argument. This argument cannot be seen as a fair comment on the evidence because there was absolutely no evidence of the movie's ending. By making this argument, the prosecutor implied that she had additional knowledge of an ending to the movie that would be adverse to defendant.
An argument suggesting to the jury that there is evidence harmful to the accused that the jury did not hear is highly improper. See Landry v. State, 620 So.2d 1099, 1102 (Fla. 4th DCA 1993); Thompson v. State, 318 So.2d 549, 551 (Fla. 4th DCA 1975); Stewart v. State, 622 So.2d 51, 56 (Fla. 5th DCA 1993). As stated in Thompson:
[T]he inquiry should be whether the prosecutor's expression might reasonably lead the jury to believe that there is other evidence, unknown or unavailable to the jury, on which the prosecutor was convinced of the accused's guilt.
318 So.2d at 552.
The trial court sustained the objections to all of the remarks except the one about "rapist talk," but declined to grant a mistrial. In order to require a new trial based on improper closing argument comments by a prosecutor,
the comments must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict that it would have otherwise.
Spencer v. State, 645 So.2d 377, 383 (Fla. 1994), cert. denied, ___ U.S. ___, 118 S.Ct. 213, ___ L.Ed.2d ___ (1997).
The first of the improper arguments suggested that defendant committed four or five prior rapes. Collateral crime evidence carries a presumption of prejudice. See Williams, 692 So.2d at 1015. Because this particular argument suggested defendant's involvement in prior rapes, the state must prove beyond a doubt that the argument was harmless. See Castro v. State, 547 So.2d 111 (Fla.1987).[1]
*282 Error is harmless only if it can be said that, beyond a reasonable doubt, the error could not have affected the verdict. See Czubak v. State, 570 So.2d 925, 928 (Fla. 1990). The state did not meet its burden of demonstrating that these comments did not affect the verdict because this case essentially boiled down to one of credibility between defendant and the complaining witness. See State v. DiGuilio, 491 So.2d 1129, 1136 (Fla. 1986); Valdez v. State, 613 So.2d 916, 917-18 (Fla. 4th DCA 1993).
The prosecutor's remarks about "rapist talk," to which the trial court overruled an objection, together with the arguments about the four or five prior complaints about rape and about the movie's ending, were collectively so inflammatory that they might have influenced the jury to reach its verdict. See Spencer; Jackson v. State, 690 So.2d 714 (Fla. 4th DCA 1997). The objection to the "rapist talk" should have been sustained, and given the totality of circumstances in this case, the trial court abused its discretion in not granting a mistrial. See Jackson; Valdez.
While recognizing that wide latitude should be permitted in closing argument, a prosecutor's comments must be based on facts in evidence or fair inference from those facts. All of the offending remarks in this case went beyond any reasonable construction of the evidence. In reversing and remanding for a new trial, we find it necessary to once again admonish a prosecutor "that the price of such zeal is a reversal, with its attendant costs and burdens to the people of Florida." Williams, 692 So.2d at 1016.
REVERSED AND REMANDED.
PARIENTE and STEVENSON, JJ., and MARRA, KENNETH A., Associate Judge, concur.
NOTES
[1] The trial and sentence in this case predated the enactment of the Criminal Appeals Reform Act as set forth in section 924.051, Florida Statutes (Supp.1996). The state has not contended that the newly-enacted standard of review would be applicable. Even if we were to apply the standard of review set forth in subsection 924.051(7), we would find that the improper arguments, which were properly objected to, were preserved and that prejudicial error occurred in this case.