714 So.2d 626 (1998)
STATE of Florida, Appellant,
v.
Raymond G. THOMAS, Appellee.
No. 97-1173.
District Court of Appeal of Florida, Fifth District.
July 24, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellee.

ON MOTION FOR CLARIFICATION
HARRIS, Judge.
On motion for clarification we substitute the following opinion.
The State charged Thomas in a three count information with false imprisonment and two counts of misdemeanor battery. After the jury was sworn, the State amended its information changing the false imprisonment charge to kidnapping with the intent to inflict bodily harm or terrorize. On motion by the defense, the court dismissed the amended complaint because of double jeopardy. The State appeals; we affirm.
We agree with State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981) and our earlier decision in State v. Belton, 468 So.2d 495 *627 (Fla. 5th DCA 1985) that the filing of an amended information, at least after the jury is sworn, has the legal effect of a nolle prosequi of the original information.[1] It would be inconsistent with the principles of double jeopardy if, after the defendant is placed in jeopardy for one crime, we permitted the State to amend the information to substitute another. The jury having been sworn before the filing of the amended information herein, jeopardy had attached.
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] Our decision in State v. Calle, 560 So.2d 355 (Fla. 5th DCA 1990) did not address this issue. Further, we do not here suggest that an amendment to correct a minor error that does not substantively prejudice the defendant will be barred by double jeopardy. See Sanders v. State, 669 So.2d 356 (Fla. 5th DCA 1996).