745 So.2d 343 (1999)
Damian RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1312.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Richard L. Jorandby, Public Defender, and Christopher A. Haddad, Assistant Public Defender, West Palm Beach, for appellant.
*344 Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Rivera's conviction and sentence on three counts of sexual battery on a child, one count of sexual battery by one in familial or custodial authority, and two counts of indecent assault. During the investigation into the allegations of sexual abuse, Rivera gave a taped statement wherein he confessed several times to committing over 100 sexual acts upon the victim.
Shortly after the commencement of trial, after the jury was sworn and some testimony had been taken, the state informed the trial court that it had filed an amended information that morning. Rivera raised no objection to the filing of the amended information. The amended information deleted three charges and changed the dates on the six remaining.[1]
At the trial, the victim's mother testified for the state, and the following occurred:
STATE: When your husband came over, was he working?
WITNESS: No. He had just gotten discharged from the Army. We had planned on moving here to Florida, to Miami because he's got, he got discharged from the Army. It was a good discharge even though he had had some problems there and he could not reenlist. That's why we were
DEFENSE COUNSEL: Objection. Relevance, Your Honor.
THE COURT: Sustained. Move on.
WITNESS: He was discharged.
STATE: From the army?
WITNESS: For sexual harassment.
Defendant objected and moved for a mistrial. The trial judge denied the motion for mistrial and gave a curative instruction to disregard the witness's last statement as unresponsive and irrelevant.
The denial of Rivera's motion for mistrial was not an abuse of discretion. Generally speaking, "a mistrial is appropriate only where the error is so prejudicial as to vitiate the entire trial," Hamilton v. State, 703 So.2d 1038, 1041 (Fla.1997), or when it is necessary to ensure that the defendant receives a fair trial. See Power v. State 605 So.2d 856 (Fla.1992).
We recognize that in Williams v. State, 692 So.2d 1014, 1015 (Fla. 4th DCA 1997), this court, quoting Straight v. State, 397 So.2d 903 (Fla.1981), stated that improper collateral crime evidence is presumptively harmful because of "the danger that the jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged." In Williams, the inadmissible "evidence" of collateral crimes came in the form of prosecutor argument in closing that "the defendant had `gotten himself in trouble in Miami' when there was no evidence to that effect." At a minimum, the lack of inadvertence in Williams distinguishes it from this case, where the testimony came from a witness and was not intentionally elicited.
Certainly, there are circumstances in which the inadvertent admission of collateral crime evidence may require a mistrial. See, e.g., Czubak v. State, 570 So.2d 925 (Fla.1990) (witness stated defendant was an escaped convict); Willis v. State, 669 So.2d 1090, 1093 (Fla. 3d DCA 1996) (police officer testified regarding prior police *345 contact); Ward v. State, 559 So.2d 450 (Fla. 1st DCA 1990) (witness stated defendant had been in prison and released). However, in Hamilton v. State, 703 So.2d 1038 (Fla.1997), the supreme court upheld the denial of a mistrial where a state's witness testified that the defendant and the co-perpetrator had escaped and had robbed and killed some people, finding that the improper comment was unanticipated by the state and brief. See also Cole v. State, 701 So.2d 845, 853 (Fla.1997) (denial of motion for mistrial was not reversible error because statement was "isolated and inadvertent and not focused upon"); Merck v. State, 664 So.2d 939 (Fla.1995) (deputy referred to prior trial that had ended in mistrial, held: trial court did not abuse its discretion in denying mistrial where "reference was isolated and appears to have been inadvertent").
Generally speaking, the use of a curative instruction to dispel the prejudicial effect of an objectionable comment is sufficient. See Buenoano v. State, 527 So.2d 194 (Fla.1988), where, in addition to properly admitted collateral evidence of prior poisoning of the appellant's two other husbands and the appellant's receipt of life insurance proceeds, the state's witness gratuitously and improperly testified that the appellant had set fire to her own house to collect insurance proceeds.
Here, the testimony regarding possibly damaging information was inadvertent and brief. Although Rivera disputes the inadvertence, the questions propounded by the state do not appear to have been intended to elicit the information that Rivera was discharged for sexual harassment. Furthermore, we find that the objectionable remark was not so damaging that the instruction could not cure it. Therefore, the court did not err in denying Rivera's motion for mistrial.
We also conclude that the state's late filing of an amended information did not violate the prohibition against double jeopardy. We note that the record does not clearly establish that the amended information was filed after the jury was sworn (the amended information was not time stamped and there is no indication in the transcript as to the time the jury was sworn on that day); however, the state does not refute the claim.
Although Rivera failed to object to the filing of the amended information, the issue is not waived, as the right to not be placed twice in jeopardy is fundamental. See State v. Johnson, 483 So.2d 420, 422 (Fla.1986).
Nevertheless, it is well-settled that the state may amend its information during trial, either as to substantive or nonsubstantive matters, unless the defendant is prejudiced thereby. See State v. Anderson, 537 So.2d 1373 (Fla.1989); Lackos v. State, 339 So.2d 217 (Fla.1976). We distinguish State v. Thomas, 714 So.2d 626 (Fla. 5th DCA 1998), where the trial court dismissed the state's amended information, which was filed after the jury was sworn and which changed a false imprisonment charge to a charge of kidnapping with intent to inflict bodily harm or terrorize. The appellate court affirmed the dismissal, noting that the filing of the amended information in that case had "the legal effect of a nolle prosequi," id. at 627, but also recognized that "an amendment to correct a minor error that does not substantively prejudice to defendant" will not be barred by double jeopardy. Id. at n. 1.
Here, the amended information neither added a new charge nor a substantive element of the offense. See Tingley v. State, 549 So.2d 649 (Fla.1989). Finally, Rivera has failed to demonstrate that he was prejudiced by the change in the dates.
We also deem inapposite Davis v. State, 740 So.2d 86 (Fla. 1st DCA 1999), as in that case the defendant objected to the amended information and demonstrated prejudice.
*346 As to all other issues raised, we also affirm.
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] As to one count, the dates between which the offenses occurred were changed from "between May 10, 1992 and May 15, 1992" to "between March 1, 1992, and May 31, 1992;" on another, from "between October 6, 1992," to "between October 1, 1992, and October 31, 1992;" on another, from "between November 21, 1992, and November 25, 1992," to "between November 1, 1992, and November 31, 1992;" on another, from "between May 1, 1996 and June 30, 1996" to "between January 1, 1993 and January 1, 1994;" and on two others, to "between February 1, 1994 and June 30, 1996."