743 So.2d 1216 (1999)
Walter Clifford ADAMS, a/k/a Wally Adams, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4522.
District Court of Appeal of Florida, Fourth District.
November 17, 1999.
Lewis A. Fishman of Lewis A. Fishman, P.A., Plantation, for appellant.
*1217 Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Adams' conviction on charges of armed robbery, armed burglary, and conspiracy to commit armed robbery, because of prejudicial error in the admission of evidence that Adams pled guilty in a separate proceeding to possession of cocaine found at his parents' house (where he also lived).
Adams was charged by the statewide prosecutor in connection with several home invasion robberies where the perpetrators would pose as police officers conducting a drug raid in order to gain entrance to the victims' homes. The state's witnesses, coperpetrators in the robberies, testified that Adams was a drug dealer who had engaged in drug deals with the victims then targeted their homes, knowing the likelihood of the presence of controlled substances, jewelry, cash, and other items likely to be associated with drug transactions, such as beepers. Adams planned the robberies, but was not present during the home invasions because of the probability that the victims would recognize him.
A state's witness, Richitelli, testified that Adams was given a portion of the stolen goods and "a good amount of cocaine" from the Cooper/Brown robbery, the home invasion for which he was convicted. A week after that robbery, during a search warrant authorized search of Adams' parents house, a bag of cocaine was found in a closet in Adams' parents bedroom. The cocaine, which weighed twelve grams, was introduced into evidence in the trial along with the testimony of an assistant state attorney that Adams had pled guilty to possession of that cocaine. No evidence linked the cocaine found in the search to items stolen from the Cooper/Brown home.
The state argues on appeal that evidence of Adams' cocaine possession was inextricably intertwined with the charged crimes and was, therefore, relevant and admissible, citing Tumulty v. State, 489 So.2d 150 (Fla. 4th DCA 1986). There, we held that evidence of the defendant's drug smuggling transactions was necessary to explain her relationship with the victim and her motive for murder, i.e., that the victim had deprived Tumulty of the use of the airplane necessary for her smuggling activities. See also Coolen v. State, 696 So.2d 738, 743 (Fla.1997)(evidence of defendant's knife threat to a witness earlier on the evening of the murder "was necessary to establish the entire context out of which the crime arose"); Ferrell v. State, 686 So.2d 1324 (Fla.1996)(evidence that defendant robbed the murder victim two days before the murder was inextricably intertwined in the murder and necessary to adequately describe the crime); Gorham v. State, 454 So.2d 556 (Fla.1984)(evidence of use of victim's credit cards relevant to prove murder of the victim). We disagree.
Certainly evidence of Adams' alleged drug deals with the home invasion victims was relevant and inextricably intertwined with the crimes charged, as was similar evidence in Tumulty. However, we decline to extend that reasoning to the evidence that on a separate occasion Adams possessed cocaine and pled guilty to that possession, as we do not deem the simple possession of cocaine probative of the assertion that Adams dealt cocaine with the victims.
Only impermissible speculation could lead to the conclusion that the cocaine was that taken from the Cooper/Brown residence when Richitelli, the only person who testified that Adams was given cocaine after the robbery, never described the cocaine given to Adams in any way that could connect it to the cocaine found at his residence. We cannot say, without more, that the items were sufficiently similar, or that there was sufficient uniqueness, to *1218 render the evidence relevant. In any event, even if it were deemed marginally probative, the danger of unfair prejudice certainly outweighed any probative value that could be derived from such evidence. See § 90.403, Fla. Stat. Mutcherson v. State, 696 So.2d 420 (Fla. 2d DCA 1997), is distinguishable as the proof of possession of coins in that case, even if marginally tied to the offense of theft of quarters from vending machines, would not in and of itself be prejudicial. Whereas here, possession of cocaine, if not connected to the crime charged, is evidence that the defendant committed a felony.
As we stated in Williams v. State, 692 So.2d 1014 (Fla. 4th DCA 1997), on the subject of improper admission of collateral crime evidence,
When this kind of irrelevant evidence is admitted ... there is a presumption that the error was harmful, because of "the danger that the jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged."
Id. at 1015 (quoting Straight v. State, 397 So.2d 903, 908 (Fla.1981)). Accordingly, we hold that the admission of Adams' guilty plea to cocaine possession was prejudicial error requiring reversal and a new trial. See § 924.051(3), Fla. Stat.
As to all other issues raised on appeal, we find no error or abuse of discretion. See Kastigar v. United States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972); Zile v. State, 710 So.2d 729 (Fla. 4th DCA 1998), rev. granted, 729 So.2d 396 (Fla.), rev. dismissed, No. 93,289, ___ So.2d ___, 1999 WL 977081 (Fla. Oct. 28, 1999).
WARNER, C.J. and COX, CYNTHIA, Associate Judge, concur.