W. SHARP, J.
Brown appeals from his conviction and sentence for trafficking in cocaine[1] following a jury trial. He argues that overzealous remarks by the prosecutor in closing argument, most of which were objected to by defense counsel, deprived him of a fair trial. Taking into account other problems with the trial and the fact that Brown’s conviction turned almost exclusively on the testimony of one witness, we think the prosecutor’s improper remarks might have influenced the jury, requiring as a remedy, a new trial. Spencer v. State, 645 So.2d 377 (Fla.1994); Ford v. State, 702 So.2d 279 (Fla. 4th DCA 1997); Lopez v. State, 555 So.2d 1298 (Fla. 3d DCA 1990).
The state candidly concedes on appeal that the prosecutor’s remarks during closing argument were improper, but argues they do not rise to the level which mandates a new trial. The prosecutor began and ended by calling cocaine ‘white death,’ and that the trial day was the most important day in everyone’s life. He claimed that Brown stood accountable to the jury for distributing the cocaine, and that it permeated the courtroom. He suggested that by the jury’s verdict, it could send a message to Brown that trafficking in cocaine was unacceptable. The prosecutor also complained that his witnesses were not vestal virgins and that he wished the offense had been committed in front of the pope. But he concluded that “people like that” don’t traffic in cocaine.
The prosecutor also told the jury why he had granted immunity to certain witnesses and advised that his actions were proper in doing so, because he was doing his duty to root out drug traffickers. Defense objected to these comments, but the trial court overruled the objection, advising the prosecutor that he was “stepping on the border.”
The clarion call to find Brown guilty in order to stamp out drug dealing in the community was given even greater emphasis by the extensive testimony at trial by state witnesses about drug dealers and users who had little or no connection with Brown. The first three state witnesses testified about a large amount of cocaine in the possession of man named Randall. Police Officer Scott searched Randall’s trash and obtained sufficient evidence to obtain a search warrant for his residence. Vondle testified Randall gave her the cocaine for safekeeping when he was told a search warrant had been issued for his *190 residence. Vondle became upset and “gave” it (she was also paid cash for it) to a man named Curtis. Lisa, Curtis’ wife, testified she helped her husband bury the cocaine on their commercial property. But no connection was ever established between the cocaine in evidence at trial and Randall’s or Curtis’ larger supply, or between Brown and Vondle, or Scott or Randall.
Finally, 125 pages into the trial transcript, Laura Brown, the defendant’s wife, gave the only direct testimony linking Brown with the cocaine in evidence. It was found by the police after a search of a residence which belonged to the Blairs, where the Browns happened to be when the warrant was served. Laura testified she and the defendant had gone to the Curtises’ property the week before Brown was arrested. But neither she nor any other witness linked the buried cocaine to the cocaine she testified Brown brought to the Blair residence. She was also the only witness who testified Brown owned or possessed the cocaine found by the police at the Blair residence.
The types of comments made by the prosecutor have been condemned. Pacifico v. State, 642 So.2d 1178 (Fla. 1st DCA 1994). Prosecutorial misconduct occurs where the remarks are not only improper, but have prejudicially affected the defendant’s substantive rights. United States v. Wilson, 149 F.3d 1298 (11th Cir. 1998). A defendant’s substantive rights are prejudiced if there is a reasonable probability that “but for” the remarks, the outcome would have been different. Wilson. See also, Ross v. State, 601 So.2d 1190 (Fla.1992). To merit a new trial, such comments must have deprived the defendant of a fair and impartial trial, materially contributed to the conviction, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than it would have otherwise. Spencer v. State, 645 So.2d 377 (Fla.1994). This is a judgment call for the reviewing court.
In sum, the trial in this case could have commenced and ended with Laura Brown’s testimony. The prior State witnesses added very little, except to create a picture or image of many drug dealers and users in the community. The net result was that the improper comments coupled with the apparently irrelevant evidence, deprived Brown of a fair and impartial trial. We therefore reverse and remand to the lower court. On retrial, the evidence should be limited unless it can be tied to Brown or the cocaine involved in this case.
REVERSED and REMANDED for new trial.
DAUKSCH, J„ concurs.
ANTOON, C.J., dissents with opinion.

. § 893.135(l)(b), Fla. Stat. (1997).