PER CURIAM.
Sebastian Leonard Seaife seeks a writ of prohibition to prevent the State from going forward with its prosecution of him on a charge of sale of a substance in lieu of a controlled substance, in violation of section 817.563(1), Florida Statutes (1999). Seaife argues that prosecution on this charge violates the prohibition against double jeopardy and is in contravention of his due process rights.
Seaife was charged with possession of cocaine in violation of section 893.13(6)(a), Florida Statutes (1999), and also with violating section 893.13(1)(e)(1), Florida Statutes (1999), through an information filed on April 27, 2000. This latter section increases the penalty for anyone who sells or possesses with intent to sell a controlled substance within 1000 feet of a church. On June 22, 2000, a jury was chosen and sworn. The trial was continued to June 27, 2000. On June 23, 2000, the State notified the defense that the substance Seaife was charged with possessing was not cocaine, according to chemical testing. The State told the defense that it intended to file an amended information. On June 27, 2000, the State filed an amended information charging Seaife with sale of a substance in lieu of a controlled substance. The defense objected to the amended information and made an oral motion to dismiss on double jeopardy grounds. The court denied the motion and continued the trial to August 31, 2000, with the jury to return.
Seaife relies on State v. Thomas, 714 So.2d 626 (Fla. 5th DCA 1998), to support his position that the amended information should be dismissed. In Thomas, the defendant was charged with false imprisonment and two misdemeanors. After the jury was sworn, the State amended the false imprisonment charge to kidnaping with the intent to inflict bodily harm or terrorize. The appellate court affirmed the trial court’s dismissal of the amended information on the grounds of double jeopardy. The court found that the filing of an amended information after the jury is sworn has the legal effect of a nolle prosse of the original information. The court stated that “[i]t would be inconsistent with the principles of double jeopardy, if, after the defendant is placed in jeopardy for one crime, we permitted the State to amend the information to substitute another.” See id. at 627.
The State cites Rivera v. State, 745 So.2d 343 (Fla. 4th DCA 1999), to argue that Scaife’s prosecution does not violate the prohibition against double jeopardy. In Rivera, the State filed an amended information that deleted three charges and changed some dates, after the jury was sworn and after testimony had been presented. On appeal, the court ruled that permitting the amended information did not violate double jeopardy because the amendments did not add a new charge or change a substantive element of the offense. The court distinguished Thomas on this point. The facts of the instant case are more analogous to Thomas than Rivera, and Seaife is entitled to relief under Thomas.
Because the State chose to amend the information after the jury was sworn, Seaife cannot be prosecuted on the amended information without offending double jeopardy principles. Consequently, the petition for writ of prohibition is granted, the order denying Scaife’s motion to dismiss the amended information is quashed, and this case is remanded for further proceedings in accordance with this opinion.
Petition granted; case remanded.
CAMPBELL, A.C.J., and BLUE and FULMER, JJ., Concur.