BLUE, Chief Judge.
Lucas Rodriguez was charged with two counts of committing a lewd and lascivious act upon a child under the age of sixteen years. Because the prosecutor’s closing arguments were improper and deprived Mr. Rodriguez of a fair and impartial trial, and because the arguments were not harmless, we reverse and remand for a new trial.
During voir dire, the prosecutor discussed that the trial judge had already explained to the prospective jurors that a translator would be used at trial. Both the prosecutor and the defense attorney discussed with the prospective jurors the use of a translator to assist Mr. Rodriguez’s understanding of the court proceedings. The defense attorney pointed out that even though Mr. Rodriguez spoke and understood English, a translator would be used to insure that Mr. Rodriguez, whose first language was not English, understood the trial proceedings. And the prosecutor pointed out:
[t]he translator is going to be here. It’s not going to be a situation where he’s going to translate every single sentence, where I say one thing, I wait for him to translate, then I say another sentence. Obviously, that’s not happening, he’s just kind of talking in the Defendant’s ear.
Mr. Rodriguez testified on his own behalf at trial. During cross-examination, *588 the prosecutor asked numerous questions dealing with Mr. Rodriguez’s understanding of English. The point of these irrelevant questions was revealed in the prosecutor’s closing argument when she stated:
I’m glad to have a translator. I want him to understand every word of his trial. I want, if there is a conviction, I want it to stick. I want him to have every right that he deserves to have. I want that, but do you know why that’s interesting that he cannot be honest with you all about his ability to speak the English language what else is he going to lie about. If he can’t even be candid and up front about that, what else is he going to lie about....
The trial judge overruled the defense objection to this improper argument and denied its motion for a mistrial. The prosecutor continued:
Keep in mind, he would start to answer my questions before the guy even translated. The court reporter even had to say wait, everybody is talking over each other. The translator is talking over the Defendant, what’s going on, what’s going on? So, that’s why I bring up, that’s why I bring it up because it goes to his credibility.[1]
Again, the defense objection was overruled and its mistrial motion denied.
The prosecutor’s closing argument was improper. It is improper to argue facts that are not in evidence. The record clearly shows that (1) the translator, not the court reporter, interrupted the proceedings; and (2) the prosecutor failed to allow sufficient time before asking the next question. The more troublesome concern, however, is the prosecutor’s characterization of Mr. Rodriguez as a liar. It is improper for a prosecutor to call a defendant a liar, unless the record clearly supports such. See Connelly v. State, 744 So.2d 531 (Fla. 2d DCA 1999). The record here clearly does not support the accusation.
The use of a translator at trial in no way equates to factual support for the accusation that the defendant is a liar. The offensiveness of this improper argument is emphasized when one recalls that it was the prosecutor who specifically clarified in voir dire that Mr. Rodriguez’s use of a translator should not be held against him. Indeed, the right of a defendant to have a translator is grounded on due process and confrontation considerations of the Constitution. See Suarez v. State, 481 So.2d 1201 (Fla.1985), abrogation on other groimds recognized in Cherry v. State, 781 So.2d 1040 (Fla.2000), cert. denied, — U.S. -, 122 S.Ct. 179, 151 L.Ed.2d 124 (2001).
Considerations of fairness, the integrity of the fact-finding process, and the potency of our adversary system of justice forbid that the state should prosecute a defendant who is not present at his own trial, unless by his conduct he waives that right. And it is equally imperative that every criminal defendant — if the right to be present is to *589 have meaning — possess “sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.” Otherwise, “[t]he adjudication loses its character as a reasoned interaction ..., and becomes an invective against an insensible object.”
Suarez, 481 So.2d at 1203 (quoting United States ex rel. Negron v. New York, 434 F.2d 386, 389 (2d Cir.1970))(alternation in original).
The State’s case was based on the two young victims and their hearsay testimony. There were no independent eyewitnesses nor physical evidence. This case boiled down to a credibility contest between the victims and their families, and Mr. Rodriguez. Calling Mr. Rodriguez a liar when there was no support in the record for such an accusation was error. In a credibility case, such improper argument is clearly harmful error. See Washington v. State, 687 So.2d 279 (Fla. 2d DCA 1997).
Reversed and remanded for a new trial.
SALCINES and DAVIS, JJ., Concur.

. The transcript reflects the following occurred during the prosecutor’s cross-examination of Mr. Rodriguez:
THE INTERPRETER: One moment, Your Honor, it's either in Spanish or in English here. I cannot interpret. I can’t keep up with it as I'm sure the court reporter cannot.
THE COURT: Slow down a little bit, the court reporter is going nuts down here too. Give him an opportunity to translate his answer before we give him another question.
This passage reveals that it was the prosecutor’s speed in questioning that was creating the problem for the interpreter and court reporter, not Mr. Rodriguez’s ability to understand English.