830 So.2d 234 (2002)
Joyce McKENZIE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1786.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
*235 Carey Haughwout, Public Defender, and Jennifer Brooks, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellee.
SHAHOOD, J.
This is an appeal by Joyce McKenzie from a Judgment of Conviction and Sentence on the charges of possession of cocaine and possession of drug paraphernaliaa crack cocaine pipe. We affirm the trial court's instruction to the jury on the charge of possession of cocaine without comment, but reverse the two other issues raised by appellant and remand for a new trial.
With respect to the first issue in this case, the trial court, during the charge conference on its instruction to the jury on possession of drug paraphernalia, noted that there did not seem to be any testimony which supported factor "four"[1] of the instruction. The standard jury instruction for possession of drug paraphernalia states that in addition to all other relevant factors, certain factors (thirteen in all) shall be considered in determining whether an object is drug paraphernalia. Factor five states as follows:
Direct or circumstantial evidence of the intent of an owner, or anyone in control of the object, to deliver it to persons whom [he][she] knows, or should reasonably know, intend to use the object to facilitate a violation of this act. The innocence of an owner, or of anyone in control of the object, as to a direct violation of this act shall not prevent a finding that the object is intended for use, *236 or designed for use, as drug paraphernalia.
Fla. Std. Jury Instr. (Crim.) 25.14; § 893.146, Fla. Stat. (2000).
Defense counsel agreed with the court and did not think it applied either. The prosecutor then stated:
That's the reason I only included the second sentence, "The innocence of an owner or of anyone in control of the object as to a direct violation of this act should not prevent a finding that the object is intended for use or designed for use as drug paraphernalia," and cut out the first sentence, but I do request the second sentence.
The Court: Do you have any objections to that, Mr. Cohen, reading the second sentence only?
[Defense]: I do. If the legislature intended for the instruction to be read, you know, their way or just part of it, they would have told us that.
....
[Defense]: ... I don't think it's relevant. There is no evidence she intended to deliver it to anyone like you said before.
....
The Court: I'm going to delete that first sentence. I don't see it's applicable. I will read the second sentence. I don't think taking the first sentence out makes the second sentence misleading or incomplete in any way.
[Defense]: We would respectfully object to that. It's our view if the legislature intended for that to happen, then it would have provided the provision explicitly saying that.
As to the charge of possession of drug paraphernalia, the jury was instructed, in part, as follows:
Before you find the defendant guilty of possession of drug paraphernalia, the State must prove the following three elements beyond a reasonable doubt. One, that Joyce McKenzie used or had in her possession the intent to use drug paraphernalia. Two, Joyce McKenzie had knowledge of the presence of drug paraphernalia. And three, Joyce McKenzie had knowledge of the elicit [sic] nature of the drug paraphernalia allegedly possessed.
....
In addition to all of the other logically relevant factors, the following factors should be considered in determining whether or not the object is drug paraphernalia. The proximity of the object in time and space to a direct violation of this act. The proximity of the object to the controlled substance.
The existence of any residue of a controlled substance on the object. The innocence of an owner or of anyone in control of the object, as to a direct violation if this act shall not prevent a finding that the object is intended for use or designed for use as drug paraphernalia.
At the conclusion of reading the instructions, defense counsel renewed his objection to the drug paraphernalia charge.
On appeal, appellant argues that the trial court erred in giving the jury an inaccurate and misleading instruction on the possession of drug paraphernalia.
A trial court's decision on the giving or withholding of a proposed jury instruction is reviewed under the abuse of discretion standard of review. See Bozeman v. State, 714 So.2d 570, 572 (Fla. 1st DCA 1998). A trial court "should not give instructions which are confusing, contradictory, or misleading." Mogavero v. State, 744 So.2d 1048, 1049 (Fla. 4th DCA 1999)(quoting Butler v. State, 493 So.2d 451, 452 (Fla.1986)). Reversible error occurs when an instruction is not only an *237 erroneous or incomplete statement of the law, but is also confusing or misleading. See id. at 1050 (citing Gross v. Lyons, 721 So.2d 304, 306 (Fla. 4th DCA 1998), approved, 763 So.2d 276 (Fla.2000)). The test is not whether a particular jury was actually misled, but instead the inquiry is whether the jury might reasonably have been misled. See id. When a court erroneously charges a jury on the elements of a crime, the harmless error doctrine should be invoked with great caution. See id.
In applying the above test, it can be concluded that the jury might reasonably have been misled based on an inaccurate or misleading reading of the jury instruction at issue. Factor five concerned whether there was evidence of intent of the "owner, or anyone in control of the object, to deliver it to persons whom he [ ] knows, or should reasonably know, intend to use the object to facilitate a violation of this act." The trial court as well as the parties agreed that factor five did not apply to the facts of this case, since this case did not involve the delivery of an object. Notwithstanding that fact, the court nevertheless permitted the remaining portion of factor five to be submitted to the jury: "The innocence of an owner, or of anyone in control of the object, as to a direct violation of this act shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia." This second sentence clearly qualified the first sentence. See generally Rich Elecs., Inc. v. S. Bell Tel. & Tel. Co., 523 So.2d 670, 672 (Fla. 3d DCA 1988), rev. denied, 560 So.2d 234 (Fla.1990)(rule of statutory construction is that a relative or qualifying phrase is to be construed as referring to its nearest antecedent). By taking it out of context, this inaccurate instruction may have misled the jury regarding the presumption of innocence and the state's burden of proof. Thus, the jury could have concluded that even if appellant did not know that the object was a crack pipe, they could nevertheless find her guilty if they concluded that the object was drug paraphernalia.
Next, appellant argues that she was denied a fair trial when the prosecutor, in rebuttal, argued facts not in evidence. In closing argument, defense counsel argued that there was no evidence that she had knowledge of the illicit nature of the glass tube or the residue in it. In response, the prosecutor made the following unobjected-to comments:
Now, without saying anything at all to Ms. McKenzie she says, "I don't smoke crack." So how would she know what this is used for or what's in it. I tell you folks that's knowledge that element has been met.
....
You heard testimony that three different tests were conducted to prove that it was cocaine. Ms. McKenzie had knowledge of the presence of the substance. She had knowledge of the elicit [sic] nature of the substance allegedly possessed.
She told the officer before the Officer even told her what was in this pipe or before he even told her what he suspected this pipe of being, "I don't smoke crack." How would she know what it is or supposed to be in here? I submit to you that is the knowledge element. We met all the elements with respect to count one.
....
It's not circumstantial evidence. It's direct evidence. She directly told that Officer before he even told her what it was, what was in it, "I don't smoke crack." How would you know what it is or what it's use[d] for? How do you know? I submit to you that all the *238 three elements have been met. That all four of these element[s] have been met with respect to count one beyond a reasonable doubt.
(Emphasis added).
Nowhere in the record before us did the arresting officer testify that appellant told him that she did not smoke crack cocaine. On appeal, the state acknowledges that "Detective Vellado did not testify Defendant told him she did not smoke crack," yet nevertheless argues that any error is harmless since appellant repeatedly said that the tube did not belong to her because she knew it was used to smoke crack cocaine and knew it contained the cocaine residue. The state also argues harmless error based on the other evidence adduced at trial, that Detective Vellado saw appellant drop the cylindrical tube on the ground, that there was hair grease on appellant's hand and on the tube he picked up, and that the residue in the tube tested positive for cocaine.
However, such error cannot be deemed harmless when the evidence was based solely on the officer's testimony. Arguing facts that are not supported by the record is clearly improper. See Rodriguez v. State, 822 So.2d 587, 588 (Fla. 2d DCA 2002); Ryan, 457 So.2d at 1090 (when the jury is walking a thin line between a verdict of guilt and innocence, the prosecutor cannot be allowed to push the jury to the side of guilt with improper comments). It is well settled that a prosecutor must confine closing argument to evidence in the record, and must refrain from comments that could not be reasonably inferred from the evidence. See Ford v. State, 702 So.2d 279, 280 (Fla. 4th DCA 1997). While recognizing that wide latitude should be permitted in closing argument, a prosecutor's comments must be based on facts in evidence or fair inference from those facts. See id. at 282.
Such unobjected-to comments clearly amount to fundamental error. Fundamental error, which can be considered on appeal even without a proper objection or preservation in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. See Ryan v. State, 457 So.2d 1084, 1091 (Fla. 4th DCA 1984), rev. denied, 462 So.2d 1108 (Fla.1985). Fundamental error in closing argument occurs when the prejudicial conduct in its collective import is so extensive that its influence pervades the trial, gravely impairing a calm and dispassionate consideration of the evidence and the merits by the jury. See Caraballo v. State, 762 So.2d 542 (Fla. 5th DCA 2000).
In this case, it can not be said that the error did not affect the verdict beyond a reasonable doubt, where the error went to the very foundation of the case. The prosecutor relied on facts not in evidence to prove knowledge of the illicit nature of the glass tube and the substance inside it.
REVERSED AND REMANDED FOR A NEW TRIAL.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] Factor four referred to by the court is actually factor five in the standard instruction.