PLEUS, J.
Wilson Viglione appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. On August 29, 2002, Viglione was convicted of kidnapping, false imprisonment, sexual battery, and aggravated battery. It appears all the offenses were committed against one victim, who was attacked and held against his will during an episode which exceeded six hours in duration. Viglione was sentenced to life *1159 imprisonment for the kidnapping and sexual battery convictions. He was sentenced to fifteen years incarceration for the aggravated battery conviction and five years incarceration for the false imprisonment conviction.
On November 14, 2004, Viglione filed his 3.850 motion, raising five grounds for relief. The motion was summarily denied without a hearing. We affirm the order denying relief as to four of the five grounds, but reverse as to the double jeopardy claim.
Viglione asserts that he was improperly convicted of both kidnapping and false imprisonment. A double jeopardy violation is fundamental error and can be raised for the first time in a post-conviction motion. See State v. Johnson, 483 So.2d 420 (Fla.1986). As Viglione went to trial, he did not waive any double jeopardy issues.
False imprisonment is a necessarily lesser included offense of kidnapping. See State v. Sanborn, 533 So.2d 1169 (Fla.1988); Cabe v. State, 408 So.2d 694 (Fla. 1st DCA 1982), rev. denied, 435 So.2d 821 (Fla.1983). The trial court, in denying relief, cited State v. Smith, 840 So.2d 987 (Fla.2003), which held that a defendant could be convicted of both false imprisonment and robbery without violating double jeopardy. The opinion discussed the Fai-son[1] test for determining when a charge of kidnapping with the intent to commit a felony could stand separate from other charged felonies in which a form of abduction, imprisonment or confinement is inherent in the offense. The supreme court held that the Faison test was inapplicable to the offense of false imprisonment as that offense, unlike kidnapping, does not contain as an element the intent to commit or facilitate commission of a felony. Although State v. Smith stated that kidnapping and false imprisonment were different offenses for purposes of the Faison analysis, it did not hold that kidnapping and false imprisonment were different offenses under a double jeopardy analysis.
False imprisonment is a general intent crime, while kidnapping is a specific intent crime. The two offenses are identical except for the element of intent. See generally §§ 787.01, 787.02, Fla. Stat. (2004). Double jeopardy prohibits separate convictions and sentences for these two offenses if based on the same factual act or occurrence. Cf. State v. Thomas, 714 So.2d 626 (Fla. 5th DCA 1998). The trial court’s reliance on State v. Smith does not conclusively refute Viglione’s allegations. We therefore reverse the order denying relief in part, and remand the case for further consideration of the double jeopardy claim. On remand, the trial court should either set aside the false imprisonment judgment and vacate the sentence, or attach documents to show that the two offenses involved different factual acts or victims.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA, C.J. and GRIFFIN, J., concur.

. Faison v. State, 426 So.2d 963 (Fla.1983).