BLACK, Judge.
Kenneth Ford appeals his conviction for trafficking in illegal drugs. Because we conclude that the trial court erred in failing to grant a new trial based on the prosecutor’s impermissible closing argument, we reverse.
In this one-day trial, a total of four witnesses were called in the State’s case. A confidential informant, two law enforcement officers, and a forensic chemist testified. Of the four witnesses, only the confidential informant was an eyewitness to the drug transaction.
The State’s case turned primarily on the credibility of the confidential informant who testified that he obtained a quantity of methamphetamine from Ford during a controlled buy. It is undisputed that the confidential informant had been convicted of approximately twenty prior felonies, and at the time of the transaction with Ford, *800 he was facing drug charges carrying a minimum seven-year prison sentence. The confidential informant was working with the State in the hope that he would receive favorable treatment at his sentencing.
During closing argument, the prosecutor made a statement referring to other crimes committed by Ford. Specifically, in attempting to explain a six-month delay between the time of the controlled buy and the date that Ford was arrested, the prosecutor stated, “And the reason why he wasn’t arrested for sometime after, you heard [one of the law enforcement officers] say they were doing a federal investigation to try to get him on other things and they decided to make this a state case.” Defense counsel timely objected to the prosecutor’s statement as improper argument, and the court overruled the objection. At a bench conference following the defense objection, the trial judge stated, “You better be sure that’s what he said. If you say something in closing that he didn’t say, it’s ultimately very prejudicial and you’re going to end up being reversed in the next six months.” Thereafter, the trial judge gave the following curative instruction: “Ladies and gentlemen of the Jury, you will rely on your own memory about what testimony was present during trial.” The prosecutor’s statement was unsubstantiated — there was no evidence of other crimes elicited from any of the witnesses or otherwise presented during the trial.
Where, as here, the prosecution has made an improper argument, this court must examine the record to determine whether the statement by the prosecuting attorney “was so prejudicial as to vitiate the entire trial” or merely harmless error. See State v. Murray, 443 So.2d 955, 956 (Fla.1984) (quoting Cobb v. State, 376 So.2d 230, 232 (Fla.1979)). “It is well settled that a prosecutor must confine closing argument to evidence in the record, and must refrain from comments that could not be reasonably inferred from the evidence.” Ford v. State, 702 So.2d 279, 280 (Fla. 4th DCA 1997) (citing Huff v. State, 437 So.2d 1087, 1090 (Fla.1983)). Further, “[unsubstantiated statements that concern references to other crimes committed by a defendant are ‘particularly condemned.’ ” Id. (quoting Ryan v. State, 457 So.2d 1084, 1090 (Fla. 4th DCA 1984)). Implicating a defendant in other crimes not charged “ ‘is presumed harmful error because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged.’” McCain v. State, 995 So.2d 1029, 1033 (Fla. 2d DCA 2008) (quoting Straight v. State, 397 So.2d 903, 908 (Fla.1981)).
In this case, we cannot say that the prosecutor’s improper argument was harmless, that the State overcame the harmful error presumption, or that “there is no reasonable possibility that the error contributed to the conviction.” See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The only direct testimony of Ford’s involvement in this drug transaction came from a twenty-time convicted felon who was working with the State. Additionally, the court’s curative instruction failed to remove the prejudice. Instead, the instruction left the jury with the impression that the argument may or may not have been accurate. Therefore, we find it necessary to reverse Ford’s conviction and remand for a new trial.
We also note that Ford raised an issue regarding the extent to which he should have been allowed to cross-examine the confidential informant on the issue of his bias and motivation for testifying. Although Ford is permitted to inquire into the nature of the charges pending, on remand, the trial court should engage in a *801 balancing to determine whether the risk of unfair prejudice to the State substantially outweighs the probative value of allowing Ford a more detailed inquiry. See § 90.403, Fla. Stat. (2009). How far the inquiry may proceed into the details of the matter without becoming purely an attack on the confidential informant’s character is within the trial court’s discretion. Coolen v. State, 696 So.2d 738, 743 (Fla.1997) (citing Dufour v. State, 495 So.2d 154, 159-60 (Fla.1986)).
For the reasons stated herein, we reverse Ford’s conviction and remand for a new trial.
SILBERMAN and KELLY, JJ., Concur.