Per Curiam.
In this appeal of his conviction for sexual battery, appellant raises two issues. First, he argues that the trial court erred by denying his motion to redact what he claims is hearsay from police-recorded conversations between the victim and appellant. During the conversations, the victim questioned appellant about the sexual assault. She asked him why he continued forcing himself on her when his friend, who was present at the time but did not testify at trial, told appellant “not to do it.” The friend’s statement relayed by the victim was not introduced for the truth of the matter but for the reaction of the listener, appellant. Thus, it was not hearsay. See McWatters v. State, 36 So.3d 613, 638 (Fla. 2010) (holding that police officer’s inclusion, in his interrogation of defendant, of statements made by other witnesses which were not offered for the truth of their content were thus not objectionable).
Second, appellant contends that the court reversibly erred in denying his motion for mistrial when the victim mentioned in her testimony that he had a prior DUI. The court sustained the objection and gave a curative instruction but concluded that a mistrial for this fleeting reference was not warranted. A mistrial is not always required where collateral crime evidence is referred to at trial, particularly where the reference was inadvertent and brief, as it was in this case. See Rivera v. State, 745 So.2d 343, 345 (Fla. 4th DCA 1999).
As to the sentence, the State concedes that the scoresheet and statutory references for the degree of felony, as well as for costs, should be corrected. The judgment and scoresheet indicated that appellant was convicted of a first degree felony. The State agreed prior to trial that it was actually a second degree felony. While the judgment was corrected to reflect a second *69 degree felony, the State concedes that the scoresheet must also be corrected to show a conviction for a second degree felony rather than a first degree felony. See § 794.011(5), Fla. Stat. (2012). No change in the lowest permissible sentence is necessary, because it was scored as a level eight offense on the sentencing scoresheet. See § 921.0022(3)(h), Fla. Stat. (2012) (making sexual battery of a victim over the age of twelve without physical force likely to cause serious injury a second degree felony and a level eight offense). The statutory reference for the $100 assessment for the Operating Trust Fund of the Department of Law Enforcement was also in error. The correct statutory citation should be section 938.055, Florida Statutes (2012), which became effective October 1, 2012. On remand, the sentence should also be corrected to reflect the proper statutory citation.

Affirmed but remanded to correct sentence,

Warner, Taylor and Levine, JJ., concur.