407 So.2d 642 (1981)
STATE of Florida, Appellant,
v.
Johnny STELL, Appellee.
No. 80-2110.
District Court of Appeal of Florida, Fourth District.
December 23, 1981.
David H. Bludworth, State Atty., Moses Baker, Jr., Asst. State Atty., and Ondina Felipe, Asst. Atty. Gen., West Palm Beach, for appellant.
Domenic L. Grosso, Boca Raton, for appellee.
HERSEY, Judge.
This is an appeal by the state from orders holding that an amended Information was a nullity because it was filed without leave of court.
On October 20, 1980 an Information was filed charging appellant, in Count I, with aggravated battery by using a deadly weapon (a motor vehicle) and, in Count II, with leaving the scene of an accident which resulted in personal injury. These crimes allegedly occurred on October 10, 1980.
On November 20, 1980, the state filed an "amended" Information which added a third count of "criminal mischief" alleging that, on October 10, 1980, appellant also smashed a plate glass window with a vehicle. This "amended" Information was signed and sworn to by the prosecutor and then filed with the clerk. The two original counts were unchanged. The case had not yet been set for trial.
At a hearing on November 21, 1980, the state advised the court and the appellant that the amended Information had been filed.
*643 The trial court thereupon ruled that the amended Information was a nullity because Rule 3.140(j), Florida Rules of Criminal Procedure required that leave of court be obtained to amend an Information. The court further determined that the additional charge of criminal mischief contained in the amended Information was prejudicial to appellant.
Rule 3.140(j), Florida Rules of Criminal Procedure provides that "[a]n information upon which the defendant is to be tried... may be amended on the motion of the prosecuting attorney or defendant at any time prior to trial because of formal defects." (emphasis added). Under this rule, a formal defect (such as an incorrect corporate name) may be cured by amendment of the Information upon which the defendant is to be tried without the filing of a new Information which has been signed and sworn to. See Lackos v. State, 339 So.2d 217 (Fla. 1976).
This rule does not circumscribe the state's power to file a new and separate Information. Rather, it provides a method for allowing amendment of a formal nature without the necessity of the prosecutor again signing, swearing to, and re-filing the Information as was once required. Alvarez v. State, 157 Fla. 254, 25 So.2d 661 (Fla. 1946).
The filing of an "amended" Information which has been signed and sworn to has the legal effect on the original Information of a nolle prosequi. The "amended" Information supplants the original one and, pursuant to Rule 3.160, Florida Rules of Criminal Procedure, the defendant must be re-arraigned. The state may nol-pros an Information within its discretion at any time subject to the limitations discussed below. Further, there is no requirement that the trial court's permission be obtained before the state may refile such an Information. State v. Darnell, 335 So.2d 638 (Fla. 4th DCA 1976).
That is not to say, however, that the state's power to nol-pros and refile Informations is unbridled. It is in fact limited by practical considerations. First, the bar against double jeopardy would prevent the state from nol-prossing and refiling an Information after the jury has been sworn. Second, the time constraints of the speedy trial rule would, in effect, prohibit the state from abusing its power by constantly adding charges or changing the substance of charges contained in the Information. This is so because each time the state files a new Information, the defendant is entitled to be rearraigned and in most circumstances is entitled to additional time to prepare his defense. Since the need for additional time results from the state's action, continuances are "charged" to the state. See State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla. 1st DCA 1975), cert. denied, 334 So.2d 609 (Fla. 1976). Thus, the state cannot indiscriminately nol-pros and refile Informations without adverse consequences. Further, the intent and effect of the speedy trial rule cannot be avoided by the state by entering a nol-pros to a criminal charge and then filing a new Information based on the same conduct. Fla.R.Crim.P. 3.191(h)(2).
Because leave of court is not a condition precedent to the filing of an "amended" Information, except to the limited extent encompassed by Rule 3.140(j), as previously explained, we reverse the orders which declared the "amended" Information a nullity and remand for further appropriate proceedings.
REVERSED AND REMANDED.
BERANEK, J., and OWEN, WILLIAM C., Jr., Associate Judge (Retired), concur.