560 So.2d 355 (1990)
STATE of Florida, Appellant,
v.
Ignacio CALLE, Appellee.
No. 89-1475.
District Court of Appeal of Florida, Fifth District.
April 26, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
Gregory W. Eisenmenger, Merritt Island, for appellee.
PETERSON, Judge.
The state appeals the discharge of Ignacio Calle from the alleged crimes of trafficking in cocaine, conspiracy to traffic in cocaine, and five counts of possession of drug paraphernalia. Calle was discharged because the state failed to bring him to a "speedy" trial within 175 days of arrest as required by Rule 3.191(i), Florida Rules of Criminal Procedure. We reverse.
The following is a chronology of events leading to the discharge:

January 9, 1989 Defendant arrested
May 18, 1989 Original Information
 signed
May 26, 1989 Amended Information
 filed with clerk
July 2, 1989 175 days elapsed since
 arrest
July 5, 1989 Motion for Discharge
 filed
July 10, 1989 Defendant arrested on
 Amended Information
July 11, 1989 Hearing on Motion for
 Discharge

Calle raises a procedural question that is jurisdictional as to this court, that is, whether the trial court's order of discharge was a final order subject to appeal. The meaning of the written final and unqualified order of discharge is difficult to ascertain because the trial court's earlier oral and qualified pronouncement indicated that Calle was discharged only from the "original case" which we interpret to mean the original information. If only the "original case" or "information" was discharged, the additional five counts of possession of drug paraphernalia charged in the amended information would remain for disposition, and the oral pronouncement would not be a final appealable order. However, we see little difference between the two orders since the discharge is from the crimes, and, by implication, all crimes grounded on the same conduct or criminal episode; the discharge is not from an information. See Fla.R.Crim.P. 3.191. *356 Thus, the trial court's oral pronouncement and the written order discharging the defendant included the implied crimes and were consistent final orders from which an appeal is permitted pursuant to Rule 9.140(c)(1)(E), Florida Rules of Appellate Procedure.
The only substantive issue presented is whether the state is entitled to the 15-day "window period" within which to bring a defendant to trial when he has not been arraigned on an amended information. Under the Florida Rules of Criminal Procedure, if a defendant has not been brought to trial within 175 days of his arrest, the defendant may file a motion for discharge. Fla.R.Crim.P. 3.191(i)(2). The state has ten days from the hearing on that motion within which to bring the defendant to trial. Fla.R.Crim.P. 3.191(i)(3).
Calle initially claims that the state is not entitled to the window period because the court lacked jurisdiction over him at the time of the hearing on his motion for discharge. Calle argues that the first information was void at the time of the hearing because the filing of the amended information nol-prossed the original information, and that the amended information could not vest the court with jurisdiction. He cites State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981), in support of his argument that the filing of an amended information causes the original information to be nol-prossed. His reliance on Stell is misplaced. The issue in Stell was whether the state must obtain the trial court's permission before filing an amended information that had been signed and sworn to by the prosecutor. Stell distinguished between the type of amendment which is involved in the instant case and an amendment pursuant to Rule 3.140(j), Florida Rules of Criminal Procedure, which corrects only formal defects. Although dicta in the Stell opinion might seem to support Calle's argument, the opinion clearly indicates that an amended information supplants the original one. Since the amended information supplants or replaces the original, there is no merit to Calle's argument that the court had no jurisdiction over him and that no case existed in the absence of an arraignment upon the amended information. If that were the result, the court would have no authority to rule on the motion for discharge or any other matter because of lack of jurisdiction to do so.
Calle also argues that he is entitled to a discharge because the failure to arraign him on the amended complaint within 175 days of his arrest eliminated the window period within which he can be brought to trial. We believe he bases this argument on his assertion that he has insufficient time to prepare for trial within the nine days remaining of the window period.[1] The problem with this argument is that the rules of criminal procedure do not require arraignment of a defendant within a specified period. However, provision is made to allow a reasonable time within which to prepare for trial after entering a plea of not guilty. Fla.R.Crim.Proc. 3.160(d). Subsection (b) of the rule downplays the importance of arraignment by providing that the procedure is not required if the defendant proceeds to trial without objection.
The defendant is faced with somewhat of a dilemma in choosing a course of action in the absence of an arraignment. Should something be done to awaken the state from its inattention to the case so that the charges can be resolved; should the defendant do nothing and hope that the state never awakens; or should the defendant prudently prepare for trial since nothing precludes him from doing so? Rule 3.160(b) contemplates such occurrences. The rule provides that a defendant waives any remedy he may have for the state's *357 failure to arraign him if he enters a plea to the indictment or information or if he proceeds to trial without objection. A demand for speedy trial pursuant to Rule 3.191(a)(2) and a motion for discharge pursuant to the speedy trial rules can both be interpreted as acts proceeding toward trial since the motions are asking the court to establish a trial date within time limitations. The defendant is not precluded by the speedy trial rules from preparing for trial in the absence of an arraignment.
Furthermore, a defendant, by invoking the speedy trial rules, must have a "bona fide desire to obtain a trial sooner than otherwise might be provided, and a demand for a speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and is prepared to go to trial in five days." § 3.191(c), Fla. Stat. So long as the information or amended information was filed properly, the absence of a formal arraignment within 175 days of a defendant's arrest does not reduce the state's 15-day window under the speedy trial provisions.
The effect of the speedy trial rule is that the defendant is enlisted as a timekeeper, first, to realize the expiration of 175 days and, then, through the filing of a motion for discharge, to notify the state of its inattention to docket control. Calle has carried his burden as a timekeeper but has stopped the clock prematurely. Nine days remain of the 15-day window period within which the state has an opportunity to cause the defendant to be arraigned and tried. The state may be able to accomplish these requirements while placing unwarranted impositions upon the court to rearrange dockets, summon jurors, and secure facilities and personnel within a short period of time, but if it cannot, the defendant will then be entitled to his discharge.
The defendant may resume his obligation as a timekeeper five days after the issuance of the mandate of this court. Computation of the five-day period shall be pursuant to Rule 9.420(d) and (e), Florida Rules of Appellate Procedure, and, in the absence of a motion for continuance in order to prepare for trial, may gain his discharge on the fifteenth day after issuance of the mandate if the state has not brought him to trial.
REVERSED and REMANDED.
COWART and HARRIS, JJ., concur.
NOTES
[1] While Rule 3.191(i)(3) allows ten days after the hearing on a motion for discharge within which a defendant shall be brought to trial, the court has only five days within which to conduct the hearing on the motion. In the instant case, the trial court conducted the hearing on the sixth day, and the extra day is charged to the State in consideration of the committee notes to the 1984 amendment of Rule 3.191(i) expressing the intent that the total time of fifteen days was chosen carefully by the committee. Therefore, Calle is entitled to a trial date within nine days of the hearing on the motion for discharge.