NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AMANDA SCHOECK,                       )
                                      )
            Appellant,                )
                                      )
v.                                    )       Case No. 2D16-3161
                                      )
ALLSTATE INSURANCE COMPANY,           )
                                      )
            Appellee.                 )
_____ )

Opinion filed October 13, 2017.

Appeal from the Circuit Court for Pinellas
County; Bruce Boyer, Judge.

Wm. Newt Hudson of Law Office of
Wm. Newt Hudson, Tarpon Springs,
for Appellant.

Kansas R. Gooden of Boyd &
Jenerette, PA, Jacksonville, and
Jacqueline M. Bunty of Law Offices
of Jacqueline M. Bunty, Tampa,
for Appellee.


NORTHCUTT, Judge.

            The circuit court ruled that Amanda Schoeck failed to satisfy a condition

precedent to her suit against Allstate Insurance Company, and on that basis it granted

summary judgment to Allstate. We reverse because Allstate waived Schoeck's alleged noncompliance with the condition at issue.

In 2009, Schoeck was injured while a passenger in a vehicle owned and driven by her father. Schoeck alleged in her complaint that the driver of another vehicle caused the collision in which she was injured but lacked liability coverage sufficient to fully satisfy her damages claims. At the time of the accident Schoeck was covered by two uninsured motorists provisions, under her father's Geico policy and her mother's Allstate policy. The Geico policy provided $20,000 in UM coverage; the Allstate policy provided $25,000 in UM coverage.

In 2013, Schoeck sued Allstate seeking UM benefits under its policy; the record before us does not disclose why Schoeck did not also file suit against Geico at that time. Schoeck alleged generally that all conditions precedent to maintaining suit against Allstate had been met or else had been waived. Allstate's answer did not address that allegation directly, but "denie[d] the allegations in all Paragraphs pertaining to this Defendant unless otherwise specifically admitted."

Allstate eventually moved for summary judgment, disclosing the existence of the Geico policy and requesting among other things that the court prioritize the Geico policy and reduce Allstate's total excess exposure to $5000. In support, Allstate relied on a statutory provision providing that insurers may write UM policies limiting an injured insured's recovery to the highest UM limits afforded to any vehicle insured under that policy. See § 627.727(9)(c), Fla. Stat. (2015). Allstate argued that Schoeck would only be entitled to the highest limit from among all vehicles covered under both the Geico and Allstate UM policies. Since $25,000 was the highest limit available under the

- 2 -

Allstate policy, and since Allstate was the excess carrier, Allstate asserted that its policy limit should be reduced by the highest available limit available under the primary Geico coverage, $20,000.

The circuit court agreed, and it entered a preliminary order that found the Geico policy primary and the Allstate policy excess, and that limited Allstate's maximum liability exposure to $5000. Schoeck moved for reconsideration, urging that section 627.727(9)(c) only limits UM recovery to the highest limit applicable to a vehicle covered under the Allstate policy itself, and that there was no basis for "crediting" the excess carrier for proceeds owed by a primary carrier. Schoeck also argued that Allstate had waived any argument relating to the "Other Insurance" clause because Allstate had not pleaded an affirmative defense seeking to preclude or diminish recovery in reliance on that clause.

In its reply to the motion for reconsideration, Allstate for the first time argued that "a closer look" at its policy suggested that Schoeck had not satisfied a condition precedent contained in the "Other Insurance" clause—that she must fully exhaust all other sources of recoverable insurance before suing Allstate. Allstate also anticipated that the Geico limits were probably unrecoverable due to the statute of limitation. Allstate asserted that because Schoeck had failed to timely proceed against the primary Geico benefits, she was therefore precluded from recovering any excess coverage from Allstate.

The circuit court again agreed with Allstate and entered a final summary judgment declaring that Schoeck's claims against Allstate were barred for failure to meet a condition precedent. The court specified that "the primary Geico [UM] coverage

which was available at the time of the automobile accident . . . had not been actually paid and is now unpayable," and therefore Schoeck would be unable to proceed against Allstate. The court again found that even had such condition precedent been satisfied, Allstate's maximum liability would have been reduced to $5000 to account for the primary Geico proceeds. Schoeck appealed, and we have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

The express terms of the Allstate contract provide that prior to taking action against Allstate, no insured or injured person may sue "unless there is full compliance with all the terms of the policy." Later, the operative language of the UM section provides:

> If the injured person was in, on, getting into or out of a vehicle [that the insured does] not own which is insured for this coverage under another policy, this coverage will be excess. . . . [W]hen the injured person is legally entitled to recover damages in excess of the other policy limit, [Allstate] will pay up to [the UM] policy limit, [excluding special damages], but only after all other collectible insurance has been exhausted.

(Emphasis added.)

We agree with the circuit court's order insofar as this contract language was meant to impose a condition precedent to an action against Allstate. But Allstate waived this defense by failing to plead the issue with sufficient specificity. Whereas Florida Rule of Civil Procedure 1.120(c) permits the satisfaction of a condition precedent to be alleged generally, the rule requires a pleader to deny the performance or occurrence of a condition precedent "specifically and with particularity."

Allstate contends that it specifically raised the condition precedent in its seventh affirmative defense, which alleged that "any recovery should be reduced or

- 4 -

barred to the extent of available insurance coverage . . . <u>available to any individual or entity which may be wholly or partially responsible for the damages</u> alleged in connection with the subject matter of the incident described in the Complaint." (Emphasis added.) Although this allegation generically evoked other sources of insurance coverage, the emphasized language limited the defense to coverage that was available to the instigating tortfeasor or tortfeasors. The defense did not specifically allege that Schoeck failed to exhaust proceeds available to her from her father's Geico policy. Because Allstate failed to plead the affirmative defense of noncompliance with a condition precedent, it waived the defense. <u>See</u> Fla. R. Civ. P. 1.140(h)(1). The court therefore erred by basing its final judgment on that ground.

Because we reverse the summary judgment due to Allstate's waiver of the contractual condition precedent, we need not decide whether Allstate's position—that Schoeck could not sue until she exhausted Geico's benefits—in fact would have barred Schoeck's recovery under legal principles governing UM coverage. We note that Allstate apparently advocates a position that is contrary to the policies underlying the UM enactments and the caselaw interpreting UM contract language. "[S]ection 627.727 was intended to place the injured party in the same position as he or she would have been had the tortfeasor been insured." <u>State Farm Mut. Auto. Ins. Co. v. Curran</u>, 135 So. 3d 1071, 1077 (Fla. 2014). "[T]he statute is not designed 'for the benefit of insurance companies or motorists who cause damage to others.' " <u>Id.</u> (quoting <u>Young v. Progressive Se. Ins. Co.</u>, 753 So. 2d 80, 83 (Fla. 2000)). "As a creature of statute rather than a matter for contemplation of the parties in creating insurance policies, the uninsured motorist protection <u>is not susceptible to the attempts of the insurer to limit or</u>

- 5 -

negate that protection." Sommerville v. Allstate Ins. Co., 65 So. 3d 558, 562 (Fla. 2d DCA 2011) (quoting Gilmore v. St. Paul Fire & Marine Ins., 708 So. 2d 679, 681 (Fla. 1st DCA 1998)). "[C]onditions or exclusions must be carefully scrutinized first to determine whether the condition or exclusion unambiguously excludes or limits coverage, and then to determine, if so, whether enforcement of a specific provision would be contrary to the purpose of the uninsured motorist statute." Flores v. Allstate Ins. Co., 819 So. 2d 740, 745 (Fla. 2002).

We also clarify that limiting Allstate's maximum exposure to $5000 was error. First, section 627.727(9)(c) authorizes an insurer to offer a policy restricting an insured's maximum UM benefits to the highest limits afforded to any car covered under the policy itself. In insurance parlance, the statute permits carriers to offer "unstacked" or "nonstacked" UM options. Section 627.727(9)(c) does not provide that insurers may credit their excess UM benefits with a primary insurer's payouts. Second, the Allstate policy itself provides: "[W]hen the injured person is legally entitled to recover damages in excess of the [primary] policy limit, [Allstate] will pay up to [the UM] policy limit . . . ." This language unambiguously entitles Schoeck to recover up to the $25,000 UM policy limit, provided that her damages exceed the amount of primary coverage.

Based on the foregoing, we reverse the final summary judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.

LaROSE, C.J., and SILBERMAN, J., Concur.

- 6 -