NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MYRTLE GANNON,                                )
                                             )
           Appellant,                         )
                                             )
v.                                            )           Case No. 2D17-4888
                                             )
JOHN CUCKLER, M.D.; ALABAMA                   )
MEDICAL CONSULTANTS, INC.;                    )
BIOMET, INC.; BIOMET                          )
ORTHOPEDICS, LLC; BIOMET U.S.                 )
RECONSTRUCTION, LLC; and BIOMET               )
MANUFACTURING, LLC,                           )
                                             )
           Appellees.                         )
_____)

Opinion filed October 16, 2019.

Appeal from the Circuit Court for Collier
County; Lauren L. Brodie, Judge.

Jennifer Anne Gore Maglio of Maglio
Christopher & Toale, P.A., Sarasota,
for Appellant.

Jonathan S. Lawson of LaDue Curran &
Kuehn, LLC, South Bend, Indiana; and
Stacy D. Blank, Lee P. Teichner, and
Patrick M. Chidnese of Holland & Knight
LLP, Tampa, for Appellees.


SALARIO, Judge.

           This is a technical opinion about provisions of a rule of civil procedure

regulating the presentation of defenses to a complaint; it starts out a bit dry and dense

but picks up some steam at the end as we certify conflict with several other cases. Myrtle Gannon is appealing from a final order of dismissal, specifically that part of the final order that dismissed her claims against Biomet, Inc., Biomet Orthopedics, LLC, Biomet US Reconstruction, LLC, and Biomet Manufacturing, LLC—we refer to them collectively as Biomet—for lack of personal jurisdiction. The issue is whether Biomet waived that defense by failing to assert it at the time and in the manner required by subsections (b), (g), and (h) of Florida Rule of Civil Procedure 1.140. Ms. Gannon says it did because it filed a motion to dismiss that failed to assert personal jurisdiction under the rule. Biomet says that is not a problem because it denied personal jurisdiction in its answer and filed an amended motion before the dismissal hearing that did raise the defense. We hold the text of rule 1.140 is unambiguous and precludes Biomet's arguments. We affirm so much of the trial court's order as Ms. Gannon has not challenged and reverse to the extent the trial court dismissed on personal jurisdiction grounds. Recognizing that the Third, Fourth, and Fifth Districts have reached a different result on whether the filing of an amended motion to dismiss prior to a hearing cures a failure to raise personal jurisdiction in an earlier motion, we certify conflict as we describe below.

I.

The underlying litigation is, at bottom, a products liability case about an allegedly defective hip replacement. According to Ms. Gannon, the hip replacement was manufactured by Biomet. Dr. Cuckler and his business, Alabama Medical Consultants, were involved in the development and promotion of the product. We refer to those two parties collectively, for convenience, simply as Dr. Cuckler.

Ms. Gannon filed her complaint against Biomet and Dr. Cuckler on April 8, 2016 in circuit court in Collier County, Florida. Speculation about why she chose that forum is fair game.[1] Ms. Gannon does not herself live in Florida, and her hip replacement surgery was not performed here. Biomet is organized under Indiana law and has its head offices there. It looks like Biomet's manufacture of the hip replacement has no connection whatever to the Sunshine State. And at the time of the conduct that matters in this case, Dr. Cuckler was resident in Alabama. As it happens, though, Dr. Cuckler later retired to Naples, Florida. The complaint alleged that jurisdiction was proper in Florida because that is where Dr. Cuckler now resides.

On May 4, 2016, Biomet and Dr. Cuckler filed a joint motion to dismiss the complaint based on forum non conveniens (i.e., the idea that Florida is an inconvenient forum for resolution of the case) under rule 1.061 and to dismiss certain counts of the complaint for failure to state a claim upon which relief can be granted under rule 1.140(b). This motion did not assert that the court lacked personal jurisdiction over any defendant. At about the same time, Biomet and Dr. Cuckler each filed separate answers. Those answers did not assert lack of personal jurisdiction as a defense either. With respect to Ms. Gannon's allegation that the court had jurisdiction, however, the answers asserted that the allegation "contains legal conclusions to which no response is

---

[1]Biomet makes a convincing case that she chose Florida to avoid removal to federal court based on diversity jurisdiction on the basis that, as we describe above, she has named one Florida resident as a defendant. See 28 U.S.C. § 1441(b)(2) (2016). Avoiding federal court enables Ms. Gannon to avoid having her case transferred to the United States District Court for the Northern District of Indiana, where a federal multidistrict litigation proceeding concerning the hip replacement at issue here is currently pending. See 28 U.S.C. § 1407(a).

required."  They also stated that "to the extent a response is required," the allegation is denied.

At this point, the procedure in the trial court gets a little complex.  The same law firm that represented Ms. Gannon had also filed several other complaints against Biomet and Dr. Cuckler in Collier County on behalf of other plaintiffs.  The defendants and Ms. Gannon agreed that a hearing on the motion to dismiss in this case would be delayed pending a hearing on a motion to dismiss in another one of these cases called Eanes v. Cuckler.  Biomet and Dr. Cuckler had also raised forum non conveniens in their motion in Eanes, and the parties thought that a decision in Eanes would inform the decision in this case.  The trial court granted the defendants' motion to dismiss in Eanes in October 2016, and this court affirmed that order without opinion in April 2017.  See Eanes v. Cuckler, 225 So. 3d 811 (Fla. 2d DCA 2017) (table decision).

Three months later, on July 3, 2017, the defendants filed an amended motion to dismiss in this case.  Like the original motion, the amended motion urged dismissal based on forum non conveniens.  It differed from the original, however, in that it jettisoned the argument that the complaint failed to state a claim and introduced a new argument that the claims against Biomet should be dismissed for lack of personal jurisdiction.

The personal jurisdiction argument was based on the factual assertions— which Biomet later supported with affidavits—that Biomet was not organized under Florida law, did not maintain operations in Florida, and did not do anything related to the hip replacement in Florida and that neither Ms. Gannon nor anything about her hip replacement bore any connection to Florida.  As legal support, the amended motion relied on the recent decision in Bristol-Myers Squibb Co. v. Superior Court of California,

- 4 -

San Francisco County, 137 S.Ct. 1773 (2017), in which the United States Supreme Court held that the due process clause did not permit a court to exercise specific personal jurisdiction over the manufacturer of an allegedly dangerous drug in materially similar circumstances.  Biomet further asserted that its failure to argue personal jurisdiction in its original motion did not result in a waiver because the filing of an amended motion asserting the defense prior to a hearing timely preserved it.

With the agreement of the parties, the trial court considered the motion without a hearing on the basis of legal memoranda and affidavits related to jurisdictional facts.  It then rendered an order granting the motion.  It dismissed the claims against Biomet "with prejudice" based on a lack of personal jurisdiction.  It further held that Biomet and Dr. Cuckler, to the extent not dismissed based on a lack of personal jurisdiction, were dismissed based on forum non conveniens.  After the trial court denied a motion for rehearing on the waiver issue, Ms. Gannon took this timely appeal.

II.

Ms. Gannon's sole argument on appeal is that Biomet's failure to include personal jurisdiction in its original motion to dismiss resulted in a waiver of that defense under rule 1.140.[2]  The facts are undisputed.  Resolution of the issue requires no more

_____

[2]Because the trial court also dismissed on the basis of forum non conveniens, one might wonder "why bother?"  Ms. Gannon is concerned that the personal jurisdiction dismissal will be argued to expose her to the running of the statute of limitations when she refiles in an alternate forum, and she believes that the forum non conveniens dismissal will not.  See Fla. R. Civ. P. 1.061(c) (providing that a party seeking dismissal on the basis of forum non conveniens stipulates that when the action is filed in the new forum, it will be treated as filed on the date it was filed in Florida).  We further note that the trial court's order says that the personal jurisdiction dismissal is "with prejudice," while it does not say the same with respect to the forum non conveniens dismissal.  See Fla. R. Civ. P. 1.420(b).  Although we question the correctness of the trial court's "with prejudice" determination on the jurisdictional dismissal, Ms. Gannon has not raised that as an appellate issue here.

than that we interpret rule 1.140 and apply it to the undisputed facts.  Our review is de novo.  See Saia Motor Freight Line, Inc. v. Reid, 930 So. 2d 598, 599 (Fla. 2006); Tunison v. Bank of Am., N.A., 144 So. 3d 588, 590 (Fla. 2d DCA 2014).

A.

We approach the interpretation of a rule of civil procedure in much the same way as we approach the interpretation of a statute.  See Koppel v. Ochoa, 243 So. 3d 886, 891 (Fla. 2018) (quoting Saia, 930 So. 2d at 599).  We begin with the ordinary meaning of the text of the rule, and if that text is unambiguous, we end there as well.  Koppel, 243 So. 3d at 891; see also Metcalfe v. Lee, 952 So. 2d 624, 628 (Fla. 4th DCA 2007) (holding that courts must interpret rules of civil procedure in accord with their "plain and ordinary meaning" (quoting Weber v. Dobbins, 616 So. 2d 956, 958 (Fla. 1993))).  When a rule is unambiguous, we cannot add words we wish were there, remove words we wish were not, or do anything other than apply the rule as written.  See Deutsche Bank Nat'l Tr. Co. v. Quinion, 198 So. 3d 701, 703 (Fla. 2d DCA 2016); cf. Kephart v. Hadi, 932 So. 2d 1086, 1091 (Fla. 2006) (explaining that when statutory language is unambiguous, its meaning comes exclusively "from the words used without involving rules of construction or speculating as to what the legislature intended." (quoting Zuckerman v. Alter, 615 So. 2d 661, 663 (Fla. 1993))).  A rule is ambiguous when it can reasonably be understood as meaning more than one thing.  Koppel, 243 So. 3d at 891.  If a rule fits that bill, we can select among those competing meanings with the help of other aids to construction.  See id. (citing Gulfstream Park Racing Ass'n, Inc. v. Tampa Bay Downs, Inc., 948 So. 2d 599, 606 (Fla. 2006)).

- 6 -

We turn, then, to the text of rule 1.140. The rule regulates the presentation of defenses in response to a civil complaint.[3] It provides that a defendant must raise all of its defenses to a complaint in an answer, which is a form of "responsive pleading" provided for in the civil rules. See Fla. R. Civ. P. 1.140(a)(1); see also Fla. R. Civ. P. 1.100(a). However, the rule also permits some defenses to be presented by a motion filed prior to the answer. See Fla. R. Civ. P. 1.140(a)(3), (b). Rule 1.140(b) provides in relevant part:

> Every defense in law or fact to a claim for relief in a pleading must be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, and (7) failure to join indispensable parties. A motion making any of these defenses must be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued must be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated must be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time.

(Emphasis added.) With respect to the personal jurisdiction issue in this case, the rule has only one reasonable interpretation. Its text says (1) that a personal jurisdiction defense may be asserted in a pre-answer motion or the answer; (2) that either way, the

---

[3]The rule also governs the presentation of defenses and objections to any pleading to which a responsive pleading is permitted and so covers things like defenses or objections to be asserted in response to a counterclaim, a third-party claim, or an affirmative defense. See Fla. R. Civ. P. 1.100(a) (defining pleadings to include a complaint, a petition, an answer, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, and a third-party answer); 1.140(b) (describing defenses to a claim asserted in a pleading and requiring that the defenses be asserted in a motion or responsive pleading). For simplicity's sake, we discuss the rule as it applies in the context of this case, involving a response to a complaint.

grounds for the defense and the matters of law intended to be argued must be stated specifically and with particularity; and (3) that any rule 1.140(b) defense not stated in the motion or the answer is waived, except for subject matter jurisdiction.

Rule 1.140 contains additional provisions specifying the circumstances under which a defense may be lost if not properly asserted. Rule 1.140(g) requires that all rule 1.140(b) defenses be raised in a single motion, stating that "[i]f a party makes a motion under this rule but omits from it any defenses or objections available to that party that this rule permits to be raised by motion, <u>that party shall not thereafter make a motion based on any of the defenses or objections omitted</u>, except as provided in subdivision (h)(2) of this rule." (Emphasis added.) And rule 1.140(h)(1) states that "[a] party waives all defenses and objections that the party does not present either by motion under subdivision[] (b) . . . of this rule or, <u>if the party has made no motion</u>, in a responsive pleading except as provided in subdivision (h)(2)."[4] (Emphasis added.) The only exceptions to these consolidation and waiver provisions available to the defendant in an action are the defenses of failure to state a cause of action or failure to join an indispensable party—which may be raised by motion for judgment on the pleadings or at trial—and subject matter jurisdiction—which can be raised at any time.[5] <u>See</u> Fla. R. Civ. P. 1.140(h)(2).

---

[4]Rule 1.140 also contemplates motions for more definite statement and motions to strike, and the consolidation and waiver provisions of the rule are implicated by those motions as well. <u>See</u> Fla. R. Civ. P. 1.140(e)-(h). Again for simplicity's sake, we discuss the rule in the context presented here, a rule 1.140(b) motion to dismiss.

[5]There appears to be some potential tension between the text of rule 1.140(b), which provides that any defense except subject matter jurisdiction is waived unless asserted in a pre-answer motion or answer, and rule 1.140(h)(2), which considers the defenses of failure to state a claim and failure to join an indispensable party as additional exceptions to the rule of waiver. <u>See</u> Bruce J. Berman and Peter J.

Thus, as applied to any rule 1.140(b) defense other than failure to state a cause of action, failure to join an indispensable party, and lack of subject matter jurisdiction, subsections (g) and (h) of the rule unambiguously provide that (1) if made in a pre-answer motion, all such defenses must be joined together and those not joined in the motion may not be made in a subsequent motion and that (2) any defense not asserted in a pre-answer motion or the answer (if the party has not made a motion), is waived. And in general, Florida courts have interpreted and applied the rule in accord with the understanding its text clearly conveys. See, e.g., Crownover v. Masda Corp., 983 So. 2d 709, 712 n.2 (Fla. 2d DCA 2008) ("However, '[t]he first step which a party takes in a case, whether it be the filing of a preliminary motion or a responsive pleading, must raise the issue of personal jurisdiction or that issue is waived.' " (alteration in original) (quoting Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So. 2d 794, 795 (Fla. 4th DCA 1987))); Straske v. McGillicuddy, 388 So. 2d 1334, 1336 (Fla. 2d DCA 1980) (holding that a rule 1.140(b) venue defense was waived when raised for the first time after the answer).

Applying that understanding to the facts, we know that Biomet made a motion under rule 1.140(b) that included the defense of failure to state a cause of action and that did not include the defense of lack of personal jurisdiction. The consequence is that under rule 1.140(g), Biomet was not free to make another pre-answer motion asserting personal jurisdiction and that under rule 1.140(h), the defense was waived.

That Biomet responded to Ms. Gannon's jurisdictional allegation in its answer—first denying that it had any obligation to answer the allegation at all and, as a

---

Webster, Berman's Fla, Civ. P., § 1.140:28 (2019). That potential tension is not implicated in this case, however, and we do not address it further.

backup, denying the allegation to the extent it had such an obligation—is of no legal consequence for two reasons. The first has to do with the waiver provision of rule 1.140(h)(1). That rule permits a rule 1.140(b) defense to be raised for the first time in the answer only "if the party has made no motion." The motion to which that phrase refers is identified earlier in rule 1.140(h)(1) as a "motion under subdivision (b) . . . of this rule." Thus, the rule permits the assertion of a rule 1.140(b) defense in the answer only if the party has not made a motion under rule 1.140(b). Here, Biomet made a motion under rule 1.140(b). Under the rule, then, it was not at liberty to assert the rule 1.140(b) defense of lack of personal jurisdiction in the answer.[6]

The second reason Biomet's denial of Ms. Gannon's jurisdictional allegation in its answer is unavailing has to do with rule 1.140(b). That rule requires a defendant asserting a listed defense, whether in a pre-answer motion or in the answer, to assert the grounds for the defense and the substantial matters of law to be argued with respect to the defense "specifically and with particularity." Biomet's response to Ms. Gannon's jurisdictional allegation, in contrast, is first and foremost a denial of any obligation to respond to a jurisdictional allegation, not a denial of personal jurisdiction itself. Furthermore, it does not state either the "grounds" for a personal jurisdiction

---

[6]Given the rule's expression "if the party has made no motion," we do not think that fact the motion and answer were filed simultaneously is of any consequence. In that regard, we have considered the supreme court's decision Florida Department of Children & Families v. Sun-Sentinel, Inc., 865 So. 2d 1278, 1284 (Fla. 2004), which held that "a motion to transfer venue, filed simultaneously with a timely asserted objection to personal jurisdiction, does not waive the jurisdictional objection," but do not think it applicable here. The question in Sun-Sentinel was whether a "motion to transfer venue was a request for affirmative relief" that operates to waive jurisdictional objections. Id. at 1281, 1289. This case presents a different question: whether the text of rule 1.140(h) creates a waiver when a motion to dismiss is filed that does not raise a jurisdictional objection, but such an objection is arguably raised in the answer.

defense or the "substantial matters of law" that defense entails—whether specifically, with particularity, or otherwise. See Fla. R. Civ. P. 1.140(b). Viewed as favorably to Biomet as possible, the response is at most an unadorned denial lacking any factual or legal support. We need not define the outer limits of the requirement that the "grounds and substantial matters of law" undergirding a rule 1.140(b) defense be "stated specifically and with particularity" to know that Biomet's response here does not come close. See Three Seas Corp. v. FFE Transp. Servs, Inc., 913 So. 2d 72, 74 (Fla. 3d DCA 2005) (holding that a party's argument that "a simple unexplained denial to the allegation that venue was proper" was sufficient under rule 1.140(b) was "without merit"); see also Roach v. Totalbank, 85 So. 3d 574, 578 (Fla. 4th DCA 2012) (holding service of process and personal jurisdiction defenses were insufficiently pleaded where they "merely recited the defenses without setting forth 'the substantial matters of law intended to be argued' and without stating 'with particularity' the basis for those defenses" (quoting Fla. R. Civ. P. 1.140(b))).

Biomet cites a number of federal decisions interpreting Federal Rule of Civil Procedure 12 that say that a defendant's denial of a complaint's jurisdictional allegations in the answer is enough to assert the defense. See, e.g., Fabara v. GoFit, LLC, 308 F.R.D. 380, 400 (D.N.M. 2015) (construing a defendant's "denial of [a] personal-jurisdiction allegation as effectively asserting a personal-jurisdiction defense"); McDermott v. FedEx Ground Sys., Inc., 520 F. Supp. 2d 254, 257 (D. Mass. 2007) (finding no waiver where defendant specifically denied plaintiff's allegation of personal jurisdiction and promptly moved to dismiss thereafter). But see Sergilles v. Waste Mgmt., Inc., Case No. 07-81213-CIV-RYSKAMP/VITUNAC, 2008 WL 11333170, at *3 (S.D. Fla. June 24, 2008) ("WMI did not preserve its affirmative defense of lack of

personal jurisdiction when it merely denied those allegations in the complaint.").  Those cases are not useful here, however, because the federal rule differs from rule 1.140(b) in a crucial respect: It does not contain a requirement that the grounds and substantial matters of law supporting a defense be stated specifically and with particularity.

To rely on federal decisions interpreting the federal rule to hold that Biomet's answer sufficiently asserts a personal jurisdiction defense effectively reads the requirement that the grounds and substantial matters of law supporting a rule 1.140(b) defense be stated specifically and with particularity out of the rule.  As an appellate court applying principles of statutory construction to interpret a rule of procedure, we must give meaning to the words that are there and are not at liberty to remove them. See Nat'l Auto Serv. Ctrs., Inc. v. F/R 550, LLC, 192 So. 3d 498, 505 (Fla. 2d DCA 2016) ("It is not within our authority, however, to rewrite an unambiguous statute."). Taking rule 1.140(b) as written, then, even if Biomet's response to Ms. Gannon's jurisdictional allegation qualifies as a bona fide denial, that denial is insufficient to save its personal jurisdiction defense from the waiver provisions of rules 1.140(b) and (h). See Roach, 85 So. 3d at 578 (holding that personal jurisdiction defense was waived where not pleaded "specifically and with particularity"); Three Seas, 913 So. 2d at 74-75 ("As the [rule 1.140(b)] defense of improper venue was not pled with particularity in this case, the point was waived."); cf. Schoeck v. Allstate Ins. Co., 235 So. 3d 953, 956 (Fla. 2d DCA 2017) (relying on the waiver provision of rule 1.140(h)(1) to hold that the defense of nonoccurrence of a condition precedent was waived by virtue of a failure to comply with the particularity requirement for pleading that defense contained in rule 1.120(c)).

Because Biomet's response to Ms. Gannon's jurisdictional allegation does not cure its failure to assert personal jurisdiction in its motion to dismiss, we can deem the defense preserved only if Biomet's assertion of personal jurisdiction in its amended motion to dismiss does cure that failure. It is to that question that we now turn.

B.

By way of framing the legal question concerning Biomet's assertion of a personal jurisdiction defense in its amended motion to dismiss, we note that although the amended motion relied on the United States Supreme Court's opinion in Bristol-Myers Squibb, which was rendered after Biomet filed its original motion, Biomet conceded at oral argument that the personal jurisdiction defense was nonetheless "available" to it when it filed its original motion.[7] Fla. R. Civ. P. 1.140(g) (requiring consolidation of all rule 1.140(b) defenses "available to that party"). Accordingly, the question before us is whether a party may file an amended motion before a hearing on an original motion and assert a rule 1.140(b) defense it could have but did not assert in its original motion without triggering the waiver and consolidation provisions of rules 1.140(g) and (h).

The answer to that question is no because a yes answer is demonstrably inconsistent with the text of those rules. Under rules 1.140(g) and (h), when a party "makes a motion" under rule 1.140(b) and fails to join all rule 1.140(b) defenses then available to it, it cannot "thereafter make a motion" asserting the omitted defense and is deemed to have waived that defense. Thus, once Biomet filed "a motion" under rule

---

[7]This concession was correct. Bristol-Myers Squibb itself states that it was merely engaged in the "straightforward application . . . of settled principles of personal jurisdiction." 137 S.Ct. at 1783. And the jurisdictional facts were the same when Biomet filed its original motion as they were when it filed its amended motion.

1.140(b) and omitted a personal jurisdiction defense, it waived that defense and could not "thereafter make" another motion advancing it. The fact that Biomet labeled its second motion an "amended motion" and filed it prior to a hearing on the original motion does not matter insofar as the rule as worded is concerned. Whatever Biomet called it and whenever Biomet filed it, the amended motion was, with respect to Biomet's original motion, a motion Biomet "thereafter ma[de]."

To make Biomet's argument make sense as a textual matter, we would need to say that an amended motion filed before a hearing is not, in the parlance of rule 1.140(g), "a motion" that a party "thereafter make[s]" when it has first made an initial motion—perhaps because the amended motion is just a modification to it that remains part and parcel of the original. But that is not a reasonable understanding of the ordinary meanings of the terms "a motion" and "thereafter make." Plainly, the use of the article "a" before the term "motion" in the rule denotes the filing of a singular motion. Just as in ordinary conversation "a pencil" denotes one pencil and "a meal" denotes one meal, the term "a motion" as used in rule 1.140(g) denotes one motion. See, e.g., Bautista v. State, 863 So. 2d 1180, 1182-83 (Fla. 2003) (discussing the legislature's use of the article "a" with respect to allowable units of prosecution under a criminal statute). And as used with reference to the singular "a motion," the phrase "thereafter make" in rule 1.140(g) equally plainly denotes a different, discrete motion made after an original. See Thereafter, Merriam-Webster, www.merriam-webster.com/dictionary/thereafter (last visited Aug. 16, 2019).

The amended motion to dismiss was quite plainly a different, discrete motion from the original. It was filed at a later time; it was docketed as a separate court filing; and it differed substantively from the original predecessor motion in multiple

respects—most significantly in that it abandoned its predecessor's failure to state a claim argument and included a new defense of personal jurisdiction. And that understanding of Biomet's amended motion is consistent with how we ordinarily understand the concept of amendment when applied to court filings. When a party in a civil lawsuit files an amended complaint or answer, for example, we regard the amended document as a new and separate filing that displaces its predecessor. See Thomas v. Hosp. Bd. of Dirs. of Lee Cty., 41 So. 3d 246, 254 (Fla. 2d DCA 2010) ("[I]t is a long established rule of law that an original pleading is superseded by an amended pleading which does not indicate an intention to preserve any portion of the original pleading." (quoting Arthur v. Hillsborough Cty. Bd. of Crim. Justice, 588 So. 2d 236, 237 (Fla. 2d DCA 1991))). So too when the State files an amended information in a criminal case. See, e.g., Bryant v. State, 757 So. 2d 617, 618 (Fla. 4th DCA 2000), receded from on other grounds by State v. Demars, 848 So. 2d 436 (Fla. 4th DCA 2003); State v. Calle, 560 So. 2d 355, 356 (Fla. 5th DCA 1990). When a party files an amended brief in this court, we regard the amended filing as a new and separate document and disregard the old one. As ordinarily understood, then, the amended motion filed by Biomet here is a new motion that Biomet "thereafter made" within the meaning of rule 1.140(g).

Because it is not possible to make textual sense of Biomet's amendment-before-hearing argument, we suspect that Biomet may really mean that when a party amends a rule 1.140(b) motion, we should treat the amended motion as relating back to the party's original motion. The concept of relation back—the idea that an amended filing is treated as having been filed together at the same time as the original—appears in rule 1.190 governing amended pleadings. See Fla. R. Civ. P. 1.190(c). And by the

terms of that rule, relation back is a concept that applies to amended pleadings, not amended motions. See id. A motion is not a pleading within the meaning of the civil rules. See Fla. R. Civ. P. 1.100 (itemizing pleadings and stating that no pleadings other than those itemized "will be allowed" and defining motions separately as "[a]n application to the court for an order"); Boca Burger, Inc. v. Forum, 912 So. 2d 561, 567 (Fla. 2005) ("Moreover, a motion to dismiss is not a 'responsive pleading' because it is not a 'pleading' under the rules."). Thus, to treat Biomet's amended motion as relating back to the original, we would need to do one of two things—either add a provision governing amendments and relation back to rule 1.140 or add a provision governing motions to rule 1.190. Those might be desirable edits to the rules. But they are not edits that we, as an intermediate appellate court reviewing a final order, enjoy the freedom to make. See, e.g., Quinion, 198 So. 3d at 703 (declining to read an exception into rule 1.120(c)'s requirement that conditions precedent be denied with particularity because "the rule's language does not brook exceptions for certain kinds of conditions precedent"); Three Seas, 913 So. 2d at 75 (rejecting a party's argument that rule 1.140(b)'s particularity requirement does not apply where a defense appears on the face of the pleadings because "[r]ule 1.140(b) contains no such exception. The defendant must follow the terms of the rule."); see also art. V, § 2(a), Fla. Const. ("The supreme court shall adopt rules for the practice and procedure in all courts . . . .").

We acknowledge that the Third, Fourth, and Fifth Districts have held that when a party files an amended motion under rule 1.140(b) before a hearing on an original motion under the rule, it may assert a previously omitted rule 1.140(b) defense

- 16 -

in the amended motion and have it treated as timely.[8]  See, e.g., Cepero v. Bank of N.Y. Mellon Tr. Co., N.A., 189 So. 3d 204, 206 (Fla. 4th DCA 2016); Snider v. Metcalfe, 157 So. 3d 422, 424-25 (Fla. 4th DCA 2015); Re-Emp. Servs, Ltd. v. Nat'l Loan Acquisitions Co., 969 So. 2d 467, 470 (Fla. 5th DCA 2007); Waxoyl, A.G. v. Taylor, Brion, Buker & Greene, 711 So. 2d 1251, 1254 (Fla. 3d DCA 1998).  A review of these opinions and others cited in them or that cite to them shows that they do not state a basis for an amendment-before-hearing exception that is at all grounded in the text of rule 1.140.  That is unsurprising: As we have shown, an amendment-before-hearing exception to the consolidation and waiver provisions of rule 1.140(g) and (h) finds no support in the text of the rules.  The most these decisions assert as reasoning is (1) that not allowing an exception in such circumstances would be "hypertechnical," Astra v. Colt Indus. Operating Corp., 452 So. 2d 1031, 1032 (Fla. 4th DCA 1984), and (2) that the purpose of rule 1.140(g) and (h) is to discourage "dilatory tactics," a concern that is not present when a party amends before a hearing, Gross v. Franklin, 387 So. 2d 1046, 1049 (Fla. 3d DCA 1980).[9]

---

[8]Biomet asserts that this court reached the same conclusion in Sunrise Assisted Living, Inc. v. Ward, 719 So. 2d 1218, 1219-20 (Fla. 2d DCA 1998), but it reads that decision too broadly.  That case involved a third-party's motion to quash a postjudgment writ of garnishment from a judgment creditor, which the third-party later amended to assert a previously unasserted jurisdictional problem.  Id. at 1219.  Writs of garnishment are not pleadings to which rule 1.140 applies, but rather they are postjudgment proceedings governed by their own statutory procedure.  See Fla. R. Civ. P. 1.140(b) (governing the assertion of defenses "to a claim for relief in a pleading"); 1.570(a) (stating that the enforcement of a money judgment shall be "by execution, writ of garnishment, or other appropriate process or proceedings"); see also §§ 77.04, .06, .061, Fla. Stat. (1997) (governing service of writ, answer to writ, and reply).  Our decision in Sunrise Assisted Living does not purport to interpret rule 1.140 and is not applicable here.

[9]Although we cannot claim to have canvassed all of the federal reporters, the federal decisions addressing the same issue under Federal Rule of Civil Procedure

Under the supreme court precedents governing interpretation of the civil rules, we do not believe we have the latitude to permit a concern about hypertechnicality, even if we agreed with it, to override the clear meaning an unambiguous rule conveys. And similarly, assuming for argument's sake that the purpose of the waiver and consolidation provisions of rule 1.140 is solely to discourage dilatory tactics, an appeal to that purpose also would not be not a permissible basis to overlook or rewrite a rule's unambiguous language. See Nat'l Auto Serv., 192 So. 3d at 507 ("This appeal to the legislature's assumed purpose as an aid to statutory construction is irrelevant, however, because the text of section 726.110(1) is unambiguous."). In the end, the cases that recognize an amendment-before-hearing exception to the consolidation and waiver provisions of rule 1.140 effectively graft upon the rule an exception that its drafters did not choose to include. We respectfully disagree with the reasoning of those decisions and certify conflict with them.

III.

Biomet made a rule 1.140(b) motion to dismiss Ms. Gannon's complaint and omitted the defense of lack of personal jurisdiction from that motion. The result is

---

12 appear to be somewhat of a mixed bag, with an amendment-by-waiver exception (founded in some dated cases) looking like the majority position. Compare MacNeil v. Whittemore, 254 F.2d 820, 821 (2d Cir. 1958) (holding that the waiver provision of Rule 12 does not "prevent a judge in his discretion from permitting a party to expand the grounds of motion well in advance of a hearing"), and Seal v. Riverside Fed. Sav. Bank, 825 F. Supp. 686, 692 n. 10 (E.D. Pa. 1993) ("Still, the waiver rules of Rule 12(h) do not preclude a defendant from adding new grounds to a previously-filed motion to dismiss before that motion is ruled upon."), with Heise v. Olympus Optical Co., 111 F.R.D. 1, 5 (N.D. Ind. 1986) ("The court concludes that no authority exists under the rules of procedure for such an amendment."), and Consol. Rail Corp. v. Grand Trunk W. R.R., 592 F. Supp. 562, 567 (E.D. Pa. 1984) (stating that the court was "unpersuaded" by the amendment approach because Rule 12's waiver provision "becomes effective upon the filing of any pre-answer motion to dismiss").

that Biomet waived that defense and was precluded from asserting it in a subsequent rule 1.140(b) motion. Under the unambiguous terms of rule 1.140, neither Biomet's response to Ms. Gannon's jurisdictional allegation in its answer nor its filing of an amended motion asserting the defense (a year and two months later) excuse or cure the omission. We therefore reverse the trial court's order to the extent it dismissed the complaint for lack of personal jurisdiction, affirm it in all other respects, and remand for the trial court to reenter a final judgment of dismissal solely on the basis of forum non conveniens. We also certify conflict with Cepero, Snider, Re-employment Services, Waxoyl, Astra, and Gross.

Affirmed in part; reversed in part; remanded; conflict certified.

SILBERMAN and BADALAMENTI, JJ., Concur.